Rogers *et al. v.* The Union Central Life Insurance Company.

Filed June 23, 1887.

---

No. 12,899.

ROGERS ET AL. *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY.

SUPREME COURT.—*Assignment of Error.—Joint Assignment.—Effect of.—Complaint Good as to One Appellant.*—Where a complaint is good as to one appellant, a joint assignment of errors will not prevail against it.

PLEADING.—*Complaint.—Demurrer.*—A complaint which shows that the plaintiff is entitled to some relief will repel a demurrer.

MARRIED WOMAN.—*Estoppel.*—A married woman, whose representations were relied upon by one who contracted with her in good faith, is estopped to deny the character of her contract.

FORECLOSURE OF MORTGAGE.—*Equitable Cognizance.—Not Triable by Jury.*—A suit for the foreclosure of a mortgage is of equitable cognizance, and the issues therein are not triable by jury.

From the Vigo Superior Court.

*C. F. McNutt, J. G. McNutt, S. C. Davis, S. B. Davis* and *I. N. Pierce,* for appellants.

*H. B. Jones,* for appellee.

ELLIOTT, J.—The appellee's complaint is founded upon promissory notes executed by Mary Jane Rogers, and a mortgage securing them executed by her and her husband, Newton Rogers.

The complaint is attacked by the assignment of errors

jointly made by the appellants, and as the complaint is certainly good as to one of them, the attack must fail, even if it were conceded that it is bad as to one of them. It is well settled that a joint assignment of errors will not prevail if the complaint is good as to one of the appellants. *Hoes v. Boyer*, 108 Ind. 494; *Hochstedler* v. *Hochstedler*, 108 Ind. 506. We need not, therefore, inquire whether the complaint is bad as to one of the appellants, for if we find it good as to either we must hold the attack upon it to be unavailing.

The only points made against the complaint which affect both appellants, are, that it fails to aver that the notes are due and unpaid, and, also, fails to show to whom the notes are payable.

The second point is based on a misapprehension of the record, for the notes filed with the complaint show who the payee is, and it is also shown in the body of the pleading that the appellee is the payee of the notes. The first point is not well taken, because, as to some of the notes it is distinctly averred that they are due and unpaid, and this would entitle the plaintiff to some part at least of the relief demanded. It is well settled that a complaint which shows the plaintiff entitled to some relief will repel a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5. But we think the complaint shows by fair implication that all of the notes were due and unpaid, and this is certainly sufficient after verdict.

Mary J. Rogers alleges in her separate answer that at the time she executed the notes and mortgage she was a married woman and the owner of the property mortgaged; that she executed the notes and mortgage as surety for her husband, and for no other consideration.

The appellee replied to this answer in six paragraphs. To the third, fourth, fifth and sixth paragraphs of this reply the appellants demurred; the demurrers were not, however, addressed to each paragraph of the reply, but to all the paragraphs collectively. If any one of these paragraphs was good there was no error in overruling the demurrer.

We think that some of the paragraphs were good. The facts pleaded show that the appellee was informed by Mrs. Rogers that the money she sought to obtain was for her own benefit; that she was not undertaking as the surety of her husband; that the appellee believed her statements, and, relying on their truth, loaned her the money she desired; and they show, also, that the appellee rightfully relied on her representations. Our decisions establish the rule that a married woman may estop herself by her conduct from denying that a loan effected by her was for her benefit. As said in *Orr* v. *White*, 106 Ind. 341, "She may now be bound by an estoppel *in pais*, like any other person." This has been expressly ruled in other cases. *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213; *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301.

In the case last cited, the facts were very similar to those pleaded in the reply before us, and after a full discussion of the question, it was held that the married woman was estopped to deny that the money was obtained for her own benefit. We did not hold in that case that the form or recitals of the contract will work an estoppel, nor do we so hold in this. What we do hold is, that by her conduct and representations, relied upon by one who contracted with her in good faith, she is estopped to deny the character of her contract. If the party with whom she contracts does not act in good faith, or if he knows or has the means of ascertaining the truth, he can not successfully insist upon an estoppel. But the presumption is against bad faith, and until the contrary appears, that presumption must prevail.

We think that we were right in holding that where it appears that the disability of coverture exists, it devolves upon the party seeking the judgment to show that the contract was one which the married woman had capacity to make. *Vogel* v. *Leichner, supra; Cupp* v. *Campbell, supra.* But this does not prevent the party from showing that he relied upon the conduct of the married woman. It would be a fraud

which she will not be allowed to perpetrate for her to repudiate her representations as against one who has in good faith relied upon them.    Our decisions all recognize the rule that, under the provisions of the act of 1881, a married woman may be estopped, and that when she attempts to deny what she has previously affirmed she is guilty of a legal fraud.    Upon the admitted facts stated in the reply, the appellant Mary J. Rogers was estopped to deny the character of the contract into which she entered.

There was no error in refusing a jury trial.    The suit was of equitable cognizance and the whole issue became one for the chancellor and not for the jury.    This we regard as firmly settled.    *Carmichael* v. *Adams,* 91 Ind. 526; *Field* v. *Holzman,* 93 Ind. 205; *Quarl* v. *Abbett,* 102 Ind. 233, 239 (52 Am. R. 662); *Brown* v. *Russell,* 105 Ind. 46, and cases cited.

It is contended that the judgment should be reversed because the bill of exceptions does not show that any evidence was given, but does show that testimony was offered.    The appellants take a very erroneous view of the subject.    Upon them rests the burden of showing error in the record, and if all the evidence was necessary to show this, it was for them to bring it into the record.    If the evidence is not all in the record, the presumption that the trial court did right will prevail.    If the bill of exceptions is defective the appellants must suffer and not the appellee.

Judgment affirmed.

Filed June 23, 1887.