[No. 4968. Decided July 2, 1904.]

JAMES A. TEMPLEMAN, *Appellant*, v. FRED T. EVANS, JR., *Respondent*.[1]

APPEAL—STATEMENT OF FACTS—AFFIDAVITS IDENTIFIED IN CERTIFICATE—HOW BROUGHT UP. Upon an appeal from an order ·made after a hearing upon affidavits, a statement of facts will not be struck out for the reason that it failed to incorporate ·therein the affidavits, where, after amendments were proposed ·to the statement, the court certified, upon notice, that the matter was heard upon the affidavits, which were specifically referred ·to and attached to the record, and that they constituted all the ·evidence before the court.

Appeal from an order of the superior court for King ·county, Tallman, J., entered August 1, 1903, discharging :an attachment, after a hearing upon affidavits. Affirmed.

*C. L. Parker,* for appellant.

*Jerold Landon Finch,* for respondent.

MOUNT, J.—This appeal is from an order of the lower ·court discharging an attachment upon real estate. Respondent moves to strike the statement of facts and dismiss ·the appeal, for the reason that the evidence consists of affidavits which were not incorporated in any statement of ·facts or bill of exceptions. A bill of exceptions, however, ·was filed and served upon respondent's attorney, who there·upon filed certain amendments thereto. Thereafter, upon

[1]Reported in 77 Pac. 381.

notice, the court certified that the motion to discharge the attachment was heard upon affidavits, which affidavits were specifically referred to and attached to the record; and also certified that the said affidavits constituted all the evidence before the court upon the hearing of the said motion, on the part of both plaintiff and defendant. We think this was sufficient under the statute, and the motion to strike and dismiss is therefore denied.

On the merits of the case the question is one entirely of fact. It is sufficient to say that the affidavits are somewhat conflicting, but, upon a careful reading thereof, we think the appellant has failed to show, by a preponderance of the evidence, that the defendant was attempting to dispose of his property in order to defraud his creditors, as alleged in the application for the writ.

The judgment appealed from is therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.