[No. 6125. Decided September 11, 1906.]

LUCY F. RICHARDSON, *Respondent,* v. TONY F. RICHARDSON, *Appellant.*[1]

APPEAL—RECORD—AFFIDAVITS—REVIEW. Failure to bring up the affidavits used on the hearing of a motion to vacate a judgment, by bill of exceptions or statement of facts, will not require a dismissal of the appeal when the affidavits were attached to the motion and necessarily heard with it and it satisfactorily appears that there was nothing else before the court.

JUDGMENT—DEFAULT—IRREGULARITY. An order of default is irregular when the defendant has moved for a stay of proceedings on the ground of another action pending, which is a bar to the suit, and when no action was taken by the court on such motion.

ABATEMENT—ANOTHER ACTION PENDING. Where upon reversing a decree of divorce as to the division of the property, the lower court is required to determine the value of the property and make a

[1]Reported in 86 Pac. 1069.

division as it existed at the time of the commencement of the action, which was not done until more than two years after the action was commenced, the pendency of an appeal from the last decree of division, with supersedeas of proceedings, is a bar to another action by the wife to recover for the use and rents of the community real property during the pendency of the action in the lower court while exclusively in possession of the husband.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered December 2, 1905, upon default of defendant and findings in favor of the plaintiff, in an action for an accounting, pending the determination of property rights in a divorce proceeding; also from an order of said court entered January 6, 1906, refusing to vacate said default and judgment. Reversed.

*Merritt & Merritt,* for appellant.

*W. J. Canton* and *Arthur McGuire,* for respondent.

Root, J.—The facts necessary to an understanding of the issues herein presented are about as follows: In her complaint herein respondent alleges that on and from April 4, 1903, up to and including August 25, 1905, she and appellant were owners in common of certain real estate, which during all of said time was occupied and used exclusively by appellant and from which he sold a certain amount of alfalfa hay and upon which he grazed stock, and that she was entitled to one-half of the value of said hay and of the value of the use of said land, aggregating $11,100, in which amount she demanded judgment.

On said 4th day of April, 1903, appellant commenced an action against respondent for a decree of divorce and the settlement of property rights, their property embracing the real estate referred to in the present action. The first trial of the divorce case resulted in a decree of divorce and a judgment for $15,000 in favor of respondent, from which an appeal was taken to this court. The decree as to the divorce was affirmed, but as to the property, reversed and the cause

remanded, with instructions to the trial court to ascertain in such manner as it deemed proper the value of the property belonging to these parties, and to make a division of said property as it existed on April 4, 1903, the date of the commencement of the action, or to enter a money judgment for respondent. 36 Wash. 272, 78 Pac. 920. Upon receipt of the remittitur, the trial court appointed a commission, which subsequently made its report as to the amount, character, and value of the property. The court thereupon made an order and decree dividing the property between these parties. This decree was entered on the 28th day of August, 1905. From said decree an appeal was taken to this court, where the cause is at the present time undecided, having been argued in this court at the same time the present case was heard. A supersedeas bond was filed by appellant in the trial court on the 31st day of August, 1905. On the 1st day of September, 1905, the summons and complaint in the present action were served upon appellant. On the 29th of September, 1905, the appellant filed in this cause a motion to stay proceedings, for the reason that another action was pending between the parties as to the same cause of action. This motion had attached to it, and referred to as a part thereof, an affidavit of Seabury Merritt, one of appellant's attorneys, setting forth the history of this litigation and its status at said time. On October 5, 1905, respondent filed a motion for a default, accompanied by proof of service by mail and by an affidavit of one of respondent's attorneys, to the effect that appellant had filed no demurrer or answer to the complaint and that no other appearance or pleading of any kind had been made or filed, other than the motion asking the court for a stay of proceedings. On the 18th day of October, 1905, an order of default was entered by I. W. Matthews, court commissioner, for Douglas county. Findings and conclusions of law were signed by the superior court judge, under date of November 25, 1905, and filed December 2, 1905, and a judg-

ment in the sum of $9,150, with costs taxed at $41.65, dated
November 25, 1905, was entered December 2, 1905.

On December 6, 1905, appellant filed a motion to vacate
and set aside the order of default and the judgment made
and entered as aforesaid, which motion was based upon the
records and files and upon the affidavit of Seabury Merritt,
which was attached to the motion as a part thereof. This
affidavit set forth the pendency of the divorce case herein-
before mentioned, and showed that the property questions
were therein involved; that said motion for a stay of pro-
ceedings had been served and filed as hereinbefore stated;
that appellant's attorneys made inquiry of the Honorable
R. S. Steiner, judge of the superior court of said county, as
to when the motions for default and for stay of proceedings
would be heard, and had been informed by said judge that
the clerk would advise them as to when the judge would be
present and hear said matters; that on the 16th day of Octo-
ber, 1905, the clerk informed appellant's attorneys that the
judge would not be in Waterville, the county seat of said
Douglas county, before about the middle of November, and
thereafter said attorneys were notified by said clerk that the
judge would be present there on the 4th of December, 1905;
that the appellant and his attorneys believed that said
motions would not be heard in their absence without their
being notified as per the information and assurances given
them by the judge and clerk; that appellant and his attor-
neys did not know, until the 4th day of December, that the
order of default, findings and conclusions, and judgment had
been entered as hereinbefore stated; that the appellant had a
good and valid defense to said action.

The motion of appellant for a stay of proceedings appears
never to have been passed upon by the trial court, but re-
mains yet pending and undetermined. No counter affidavit
was interposed to that of appellant's attorney hereinbefore
mentioned. Appellant's motion to set aside the default and

judgment was denied by an order of the court dated January 2d and filed January 6, 1906. From this order appellant appealed by notice dated January 17 and filed January 19, 1906. An appeal bond was approved and filed on the 19th day of January, 1906. A supplemental notice of appeal was served on February 17, 1906, and filed February 19, 1906, wherein and whereby an appeal was taken from the original judgment made and entered on the 2d day of December, 1905, the purpose expressed in the notice being to bring before this court in one appeal a review of the order denying the application to vacate and set aside the order of default and judgment herein and the original judgment also.

The respondent moves to strike from the record and transcript the affidavit and motions of the appellant, and asks that the judgment appealed from be affirmed, for the reason that the errors assigned are based upon matters submitted to the lower court by affidavits and papers at the time of the hearing of the motion to vacate the judgment, and are not brought up by bill of exceptions or statement of facts. Respondent makes the further motion to dismiss the supplemental appeal, for the reason that it was not accompanied by an appeal bond. The affidavit upon which appellant's motion was based was attached to and made a part of its motion, and was necessarily before the court when considering the motion, and there is nothing to indicate that the court had anything before it other than this affidavit and the record of the court. *State v. Vance,* 29 Wash. 435, 70 Pac. 34. We think it satisfactorily appears from the record before us that nothing else was before the court. The motion to strike the affidavit will be denied.

The procedure of appellant with reference to the supplemental appeal was perhaps somewhat novel; but as no motion is made to dismiss the appeal originally taken, our decision as to it renders any disposition of the supplemental appeal immaterial.

The order and judgment must be reversed for two reasons: (1) On account of the irregular procedure that culminated in said judgment; (2) for the reason that the subject-matter of this action is based upon matters involved in a divorce proceeding between these same parties, which case was before the trial court at the time this action was commenced, pending undetermined, being now in this court upon appeal. Said cause so pending involves all of the property rights of these parties, and upon a determination thereof it will be the duty of this court to make a complete and full adjudication thereof, and until that time no action of this character can be maintained. It is the policy of the law to discountenance litigation and a multiplicity of suits. As to whether or not respondent would have any legal rights or interest in the property involved, and, if so, how much, could not be told by the parties or the trial court until this court should pass upon said matters in the other case. When the attention of the trial court was called, as it was by the motion for a stay of proceedings, to the fact that the original divorce proceeding involving all the property rights in these parties was still pending, no further steps should have been taken in this action. The facts alleged in the complaint and found by the trial court, taken together with the fact of the pendency of the other action, as shown by the affidavit and motion of appellant's attorneys, fail to constitute a cause of action and justify no recovery by respondent.

The judgment of the honorable superior court is reversed, with instructions to dismiss the action.

MOUNT, C. J., FULLERTON, RUDKIN, HADLEY, CROW, and DUNBAR, JJ., concur.