[No. 8079.    Department Two.    June 12, 1909.]

COLUMBIA & PUGET SOUND RAILROAD COMPANY, *Respondent,* v. ALBERT S. MOSS, *Appellant,* MARY E. STEVENS *et al., Interveners.*[1]

APPEARANCE—GENERAL—WAIVER OF SPECIAL APPEARANCE—APPEAL —DECISION—REMAND. A general appearance in the supreme court, without reserving or alluding to a prior special appearance to object to the jurisdiction, waives the latter; and upon a reversal for a new trial, the lower court is vested with complete jurisdiction.

FORCIBLE ENTRY AND DETAINER—JUDGMENT—VALIDITY. Error in issuing a writ of restitution during the pendency of an action of forcible entry and detainer cannot be urged as ground for reversing the final judgment.

FORCIBLE ENTRY AND DETAINER—STATUTES—CHANGE OF REMEDY. A notice to quit served prior to the amendatory act of 1905, is not ineffectual by reason of such prior service.

[1]Reported in 102 Pac. 439.

FORCIBLE ENTRY AND DETAINER—PREMATURE ACTION—ISSUES—
JUDGMENT. In an action of forcible entry and detainer, where inter-
veners were ousted by a provisional writ of restitution without no-
tice, the action was premature as to them, and the final judgment
should restore them to their original possession; but it is error to
also restore them "to the unexpired term therein," when that was
not an issue in the case.

Appeals from judgments of the superior court for King
county, Griffin, J., entered July 9, 1908, and August 13,
1908, upon findings favorable to the plaintiff against the
defendant, and favorable to the interveners against the plain-
tiff, after a trial on the merits before the court without a
jury, in an action to recover possession of real property.
Affirmed on defendant's appeal, and modified as to interveners.

*Bevington & Finch,* for appellant.

*Farrell, Kane & Stratton,* for respondent.

*Vince H. Faben* and *S. H. Kelleran,* for interveners.

RUDKIN, C. J.—This was an action to recover possession
of real property under the forcible entry and detainer laws.
The case was before this court on a former appeal, where a
statement of the issues will be found. 44 Wash. 589, 87 Pac.
951. After the record was remitted to the court below, a re-
trial was had before the court without a jury. The court gave
judgment in favor of the plaintiff and against the defendant
Moss for the possession of the entire premises described in the
complaint, and against the plaintiff and in favor of the inter-
veners for the possession of a certain undefined portion of
the same premises which had theretofore been occupied by
them. Two several judgments were entered in the case, and
from these the aggrieved parties have appealed. We will
first consider the appeal of the defendant Moss.

The first contention is that the court below acquired no
jurisdiction over the person of this appellant by reason of
certain defects and irregularities in the process served upon
him. In the case of *Larsen v. Allan Line Steamship Co.,* 37

33—53 WASH.

Wash. 555, 80 Pac. 181, 9 L. R. A. (N. S.) 1258, the court held that a special appearance was waived unless reserved at every stage of the proceeding, and in commenting on the rule thus established, the court said:

"What may appear to be strictness in this rule commends itself to us, for the reason that a defendant may stand upon his special appearance without the necessity of a long, tedious, and expensive trial, as was had in this case. But if he chooses to pursue the latter course, he should at least make clear with all of his appearances that he has not waived his special appearance. Any error involved in the assignment above mentioned has, therefore, been waived, and the court had jurisdiction of the person of the defendant."

On the former appeal this appellant entered a general appearance in this court without reserving or alluding to his special appearance. By virtue of that appeal this court acquired full and complete jurisdiction over the subject-matter of the action and the parties to the appeal, and might affirm, reverse, or modify the judgment appealed from, or direct the proper judgment to be entered, or direct a new trial or further proceedings to be had. Bal. Code, § 6521 (P. C. § 1069). And when this court reversed the prior judgment and remanded the case for a new trial, the lower court became vested with full and complete jurisdiction to carry out its mandate. If the appellant desired to rely upon his special appearance, he should have saved the point, and brought the question to the attention of this court at the earliest opportunity. Having failed to do so, and having submitted to the jurisdiction of this court without reserve, the objection to the jurisdiction was waived.

It is next contended that the provisional writ of restitution under which the respondent was restored to possession of the property in controversy during the pendency of the action was void, because the act authorizing such writs in unlawful detainer proceedings instituted under the amendatory act of 1905, Laws 1905, p. 173, is unconstitutional, and because the writ of restitution was served before the service of

summons.   If we should accede to the correctness of this con-
tention, it would not call for a reversal of the final judgment
in the case, for a final judgment correct in itself will not be
reversed simply because some provisional writ was improperly
or improvidently issued.    If the appellant was wrongfully
ejected from the premises during the pendency of the action,
he has his remedy, but that remedy is not the reversal of a
judgment restoring possession to the rightful owner after a
full hearing on the merits.

It is next contended that the notice to quit or surrender
possession was ineffectual because served before the amenda-
tory act of 1905 took effect, but that question was decided
adversely to the appellant on the former appeal.    The ap-
pellant's claim of title by adverse possession was waived at
the hearing, on the authority of *McNaught-Collins Improve-
ment Co. v. May,* 52 Wash. 632, 101 Pac. 237, and need not
be further considered.    There is no formal assignment of
errors in the appellant's brief, but the foregoing seems to
dispose of all the points discussed, and the judgment of the
court as to the appellant Moss must be affirmed.

The complaint in intervention alleged that the inter-
veners were in possession of certain premises lying to the
east of the block of land described in the complaint, at the
time of the commencement of the original action, and were
wrongfully ousted therefrom under the provisional writ of
restitution.    The court found, however, that the interveners
were in possession of a certain undefined portion of the
premises described in the original complaint, at the time
of the commencement of the action, that they were ousted
from such possession, without notice, under the provisional
writ of restitution, and gave judgment restoring them to
their former possession and *to the unexpired term therein.*
If the interveners were in possession of a portion of the
premises at the time of the commencement of the action,
and were ousted therefrom without notice or opportunity to
be heard, they were properly restored to their former pos-

session, but the judgment went beyond this and restored them to their unexpired term therein. What that unexpired term may be we do not know, nor was the nature or extent of that term an issue in the case. As to the interveners the action was prematurely brought, and the court should have simply restored them to their former possession without attempting to adjudicate their rights, and in so far as the court did attempt to adjudicate their rights, the judgment is erroneous and must be modified.

As to the appellant Moss, the judgment is affirmed with costs. As between the plaintiff and the interveners, the judgment is modified as above indicated, and as thus modified the judgment is affirmed, without costs.

DUNBAR, CROW, MOUNT, and PARKER, JJ., concur.