[No. 11186.    Department One.    September 29, 1913.]

INTERNATIONAL DEVELOPMENT COMPANY, *Appellant*, v. T. H. SANGER, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. The supreme court will not review an order granting a motion based on affidavits attached to the motion and certain papers attached to the affidavits and not referred to therein, where there was no statement of facts or bill of exceptions showing what evidence was considered on the hearing; since the court will not review a question of fact unless the record affirmatively shows that all the evidence below is brought up on appeal.

APPEARANCE—WAIVER—APPEARANCE ON APPEAL—EFFECT. A general appearance by respondent in the supreme court for the sole purpose of obtaining an affirmance of an order allowing counsel to withdraw an appearance inadvertently entered, does not waive their special appearance below to obtain such withdrawal.

Appeal from an order of the superior court for Spokane county, Yakey, J., entered December 7, 1912, allowing the withdrawal of defendant's appearance, after a hearing on affidavits. Affirmed.

*Joseph F. Morton*, for appellant.

*E. J. Dockery* and *Robertson & Miller*, for respondent.

GOSE, J.—This is a suit upon a promissory note, executed by the defendant to one Belden. The plaintiff claims to be a holder in due course. On the 6th day of April, 1912, the

[1] Reported in 135 Pac. 28.

complaint was filed in the court below and certain property belonging to the defendant was attached. The summons and complaint were personally served upon the defendant on the 24th day of April following, in Canyon county, Idaho. A general demurrer was interposed to the complaint. On the 24th day of June, the plaintiff's attorney accepted service of the demurrer. The demurrer was filed on June 29th. On that date, an order was entered overruling the demurrer, the defendant's counsel having previously been notified that the issue of law raised by the demurrer would be brought on for a hearing at that time. The defendant interposed no subsequent pleading. On the 25th day of November, plaintiff served and filed a motion for default. In response to that motion, the defendant's counsel moved to withdraw their appearance. This motion was based upon certain affidavits which were attached to and made part of the motion, and certain letters and a telegram of the defendant addressed to his counsel, which were attached to the affidavits but to which no reference was made. An order was entered sustaining the latter motion. The ground stated in the affidavit is that the appearance was made "through mistake and inadvertence under a misunderstanding and misinterpretation of a telegram sent to affiant by defendant from his home in Payette, Idaho, with reference to making appearance for him in this case."

Neither a bill of exceptions nor a statement of facts has been brought to this court. The order recites that, "the court being fully advised in the premises," grants the motion. The transcript is certified by the clerk of the court. The presumption always obtains that the court acted upon sufficient evidence. The telegram, letters and other evidence, if any was submitted, have not been made a part of the record.

We have repeatedly held that we will not review a judgment where the evidence is not brought before us by bill of exceptions or statement of facts. *Haines & Spencer v. Kelley*, 57 Wash. 219, 106 Pac. 776. We have also held that, where an affidavit is clearly identified as a part of a motion

to which it is attached, it becomes a part of the record without being incorporated into a statement of facts or bill of exceptions. *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795. Where not so identified, it must be brought here by bill of exceptions or statement of facts. *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627.

But where the transcript shows that other evidence was before the court, the judgment will not be reviewed in the absence of a bill of exceptions or statement of facts. *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190. We have also held that, where there is nothing in the record to show that evidence other than an affidavit attached to a motion was not considered by the court in ruling upon the motion, the judgment will not be reviewed. *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873. See, also, *McDonald v. Downing*, 52 Wash. 394, 100 Pac. 834; *Gray v. Granger*, 48 Wash. 442, 93 Pac. 912; *Shorno v. Doak*, 45 Wash. 613, 88 Pac. 1113.

The appellant relies upon *State v. Vance*, 29 Wash. 435, 70 Pac. 34; *Templeman v. Evans*, 35 Wash. 302, 77 Pac. 381; *Richardson v. Richardson*, 43 Wash. 634, 86 Pac. 1069.

In *State v. Vance*, the affidavit was attached to the motion, definitely referred to therein, and the order of the court recited that the court had read the affidavit in support of the motion and that the motion was overruled. In *Templeman v. Evans*, the court certified that the motion was heard upon affidavits which were specifically referred to and attached to the record, and also certified that the affidavits constituted all the evidence submitted at the hearing. The *Richardson* case follows the rule announced in the *Vance* case, the court there saying: "We think it satisfactorily appears from the record before us that nothing else [than the affidavit attached to and made a part of the motion] was before the court."

For the guidance of the bar, we now announce the rule to be that this court will not in any case say that the judgment of the trial court is wrong upon questions of fact unless it has before it all the evidence upon which that court passed

judgment, and this fact must affirmatively appear upon the record.

It is argued, however, that the respondent appeared generally in this court without reserving a special appearance to object to jurisdiction, and that he has waived his right to withdraw his appearance under the view announced in *Columbia & Puget Sound R. Co. v. Moss*, 53 Wash. 512, 102 Pac. 439. The whole purpose of the appearance here was to have the order permitting counsel to withdraw their appearance affirmed. Indeed, it has no other purpose. The purpose of the motion below was to withdraw an appearance inadvertently entered. In the *Moss* case, after the case had been determined in the court below, there was an appeal to this court. After the record was remitted to the court below, there was a retrial terminating in a judgment in favor of plaintiff and against the defendant Moss, from which the defendant appealed. His contention here upon the second appeal was that the court below acquired no jurisdiction over his person by reason of certain defects and irregularities in the process served upon him. It was held that, because he entered a general appearance in this court on the first appeal without reserving or alluding to his special appearance, this court acquired jurisdiction over the subject-matter of the action and the parties; that, when this court reversed the prior judgment and remanded the case for a new trial, the lower court became vested with full and complete jurisdiction to carry out its mandate; that, if the appellant desired to rely upon his special appearance he should have saved the point and brought the question to the attention of this court "at the earliest opportunity," and that having failed to do so "the objection to the jurisdiction was waived." While this case was correctly decided, we do not think it is controlling here.

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.