[No. 12096.  Department One.  December 21, 1914.]

PENNSYLVANIA CASUALTY COMPANY, *Appellant*, v. STANTON COMPANY, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATE. Where the certificate to the statement of facts shows that it contains all the evidence, "except the oral evidence introduced" at a certain hearing after a referee's report had been made, the evidence cannot be reviewed on appeal and the findings of the court are conclusive.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 14, 1914, upon findings in favor of the defendant, in an action for an accounting, after a trial on the merits before the court. Affirmed.

[1]Reported in 144 Pac. 903.

*Cowan & Cowan,* and *George F. Cowan, Jr.,* for appellant.
*Cannon & Ferris,* for respondent.

MORRIS, J.—The facts in this case are not material to a proper understanding of the point decided, and hence will not be referred to. The case was tried to the court and on December 18, 1912, a first hearing was had and evidence both oral and documentary received. The case was then sent to a referee to take testimony upon an issue involving an accounting. A hearing was had before the referee, and his report filed on July 30, 1913. On October 22, 1913, the cause again came on for hearing before the court, the court having in the meantime accepted the facts as found by the referee. Further evidence was then received and the cause finally submitted. The lower court thereupon made findings upon which final judgment was entered.

The oral testimony taken December 18 is not included in the statement of facts, although it is recited that, at this hearing, certain exhibits were introduced, "and that upon such evidence and certain oral testimony introduced at said hearing the court made its findings of fact." The certificate of the trial judge recites that the statement of facts contains all the material facts not otherwise appearing in the record, "except the oral testimony introduced at the hearing had on December 18, 1912." With such a record, we cannot review the facts and must accept the court's findings. The question submitted by the appeal can only be determined from a review of the evidence, and since the statement of facts recites and the court certifies that the evidence is not all here, we must assume that the whole evidence would support the findings and judgment whether that before us does or not. Counsel for appellant contends that no evidence was taken on December 18 that is material to the error suggested. We cannot so assume in the light of what the lower court has said in the certificate.

The case presented cannot be distinguished from *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28, and other like cases, and the judgment must be affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.