## PULASKI–LONOKE DRAINAGE DIST. et al. v. MISSOURI PAC. R. CO.

### No. 8713.

Circuit Court of Appeals, Eighth Circuit.

Nov. 14, 1930.

G. E. Garner, of Little Rock, Ark., for appellants.

Edward J. White, of St. Louis, Mo., Thomas B. Pryor, of Ft. Smith, Ark., and Harvey G. Combs, of Little Rock, Ark., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge.

The Pulaski-Lonoke drainage district was organized prior to November, 1921. In a proceeding for the ascertainment of damages and benefits incidental to the establishment of a drainage ditch or ditches in accordance with the purposes of said drainage district, and with plans and specifications provided therefor, the assessment of benefits placed against the property of the Missouri Pacific Railroad Company was $14,947.68. The railroad company removed the case to the United States Court for the Eastern District of Arkansas, and on November 21, 1921, that court, after full hearing, reduced this assessment to $4,500, which sum was fixed as the total assessment of benefits against the entire right of way of the railroad company, and all improvements thereon, located within the said drainage district, under and by virtue of the proceeding then pending. In this judgment of the court both parties at the time ac-

quiesced. As part of the record of said hearing the following agreement was incorporated:

"It is agreed in connection with the adjustment of assessment of benefits against the right of way of the Missouri Pacific Railroad Company and the improvements thereon, located within the Pulaski-Lonoke Drainage District, that the plans for draining said district shall be changed so that no water will be discharged on the right of way of said railroad by reason of the ditches to be constructed by said drainage district. The right of the district to cross the railway company's right of way with ditches is not affected hereby."

Section 3625 of Crawford & Moses' Digest of Arkansas, 1921, provides that:

"The commissioners may at any time alter the plans of the ditches and drains. * * * If by reason of such change of plans, either the board of commissioners or any property owners deem that the assessment on any property has become inequitable, they may petition the county court which shall thereupon refer the petition to the commissioners hereinbefore provided for, who shall reassess the property mentioned in petition, increasing the assessment if greater benefits will be received. * * *"

Section 2 of Act No. 203 of the Acts of the Arkansas Legislature of 1927, p. 681, provides:

"The commissioners of the districts aforesaid shall have the power to make a reassessment of the benefits not oftener than once a year, and such reassessment shall be made, advertised, and equalized as is provided for the original assessment of benefits; and all appeals of landowners objecting thereto must be taken and perfected within thirty days from the time of the action of the county court thereon."

Section 3607 of Crawford & Moses' Digest contains this provision:

"If land in more than one county is embraced in the proposed district the application shall be addressed to the circuit court of either county, and all proceedings shall be had in such circuit court."

May 1, 1925, assuming to act under the provisions of these statutes, the commissioners of the drainage district petitioned the circuit court of Pulaski county, Ark., for authority to change the assessments theretofore made for drainage improvements, alleging that, by reason of a sub-sequent change of plans, such assessments had become inequitable. The court on the same day ordered the commissioners to take steps to correct assessments on certain lands, either by increasing or reducing the same. May 30, 1925, the commissioners filed report increasing the assessment of benefits against the right of way of appellee to $15,000. Thereupon, by appropriate proceedings, the railroad company removed the case to the above-entitled court of the United States.

Thereafter, new commissioners for the drainage district were appointed, and a second proceeding of the same general nature, based upon the same general grounds, was instituted in the state court on or about June 21, 1927. The report of the commissioners asked authority to increase appellee's assessment—this time to $50,000. In due course this proceeding also was removed to the federal court. In each case the district alleged that the re-assessments were made necessary by subsequent changes in the plans, whereby largely increased benefits had accrued to the railroad company. The latter strenuously insisted by its answer not only that no such benefits had accrued, but also that there had been no change of plans since the judgment of November 21, 1921, other than contemplated by the agreement above set out, and made a part of the record of that hearing. It therefore, as part of its answer and defense, interposed the plea of res adjudicata.

April 1, 1929, the two cases were consolidated, and the court, on May 18, 1929, entered the following judgment:

"On this day comes on to be heard the matter of fixing or increasing the assessment of benefits in the Pulaski-Lonoke Drainage District against the property of the defendant Missouri Pacific Railroad Company, and the plaintiff being present and represented by its attorney Grover Garner and the defendant being present and represented by its attorney, H. G. Combs, and the court after being well and sufficiently advised in the premises doth find:

"That there were two attempts to increase the assessment of benefits against the property of defendant and that both cases were removed to this court and are now, by agreement, consolidated and heard at this time.

"The court further finds that on the 21st day of Nov. 1921 the matter of assessment of benefits against the property of defend-

ant was judicially determined by this court; the court at that time, after hearing the evidence offered, found that the assessment of benefits against the property of defendant, as fixed originally by the Commissioners of said District, was greater than the benefits that the property of the said Missouri Pacific Railroad Company would receive from the improvement contemplated to be made by said Pulaski-Lonoke Drainage District, and that $4,500.00 would be a fair and just assessment of benefits against the property of the defendant Company located in said District.

"The court at that time not only found that $4,500.00 was a just and fair assessment of benefits against the property of defendant but fixed said amount as the total assessment of benefits against all the property of the defendant in said Drainage District.

"The court further finds that there has been no material change in the plans and that the only change in the plans was agreed to by plaintiff and defendant and taken into consideration in the fixing of the assessment of benefits against the property of defendant by this court on the 21st day of Nov., 1921.

"The court therefore finds that the assessment of benefits against the property of the defendant, Missouri Pacific Railroad Company, in the Pulaski-Lonoke Drainage District has heretofore been judicially determined by this court on the 21st day of Nov., 1921, and that the plea of res adjudicata of defendant should be sustained.

"It is therefore considered, ordered and adjudged that the plea of res adjudicata be and the same is by this court sustained and that the assessment of benefits against the property of defendant of $4,500,000 heretofore fixed by this court be and the same is permitted to stand and that the complaints be dismissed at plaintiffs cost."

To this action of the court in setting these matters down for hearing, and in hearing the same, no objection appears in the record. July 15, 1929, appellant filed its exception to the finding and order made, and its assignment of errors on appeal. These specifications are four in number, to wit:

"(1) It was error for the court to make the finding of fact made in the order sustaining defendants' plea of res adjudicata.

" (2) It was error for the court to find that there had been no material changes made in the plans since the order made on the 21st day of November, 1921.

" (3) It was error for the court to find that the assessments of benefits against the property of the defendant Missouri Pacific Railroad Company has heretofore been judicially determined by this court on the 21st day of November, 1921, and that the plea of res adjudicata should be sustained.

"(4) The court was in error in sustaining the plea of the defendant."

The question presented by these assignments revolves itself into the propriety of the court's action in finding that there had been no change in plans since the judgment of November 21, 1921, and, therefore, that appellee's plea of res adjudicata must be sustained. No evidence is contained in the record brought. Appellant, in brief, asserts that none was taken. Appellee insists that the record sustains the finding and judgment of the trial court. We are remitted to the rule that it is the duty of the appellant to see that the evidence, if any, is in the record, or by appropriate action to show that no evidence was offered or received. An appellate court will ordinarily not reverse a judgment simply because the record fails to show that testimony was offered or evidence taken. Barcklow v. Hutchinson, 32 N. J. Law, 195.

In general, evidence will be presumed to have been adduced to support the court's finding or judgment. 4 Corp. Jur. 55, § 1644.

It must be conceded that the findings of the court, if legitimately made, support the judgment entered. The only reasons for believing that no evidence was heard are the silence of the record, that the judgment entry does not state that testimony was introduced, that there is no showing of a waiver of the jury, and the statement made in appellant's brief, to which there was no categorical denial.

But when the record is silent it will be presumed that evidence was adduced, the burden devolving upon appellant to see that his record affirmatively supports his contentions, and "it is the general and well-settled rule that parties are presumed to have waived a jury, even in the absence of written stipulation, whenever it appears that they were present at the trial in person or by counsel and made no demand for a jury." Edwards v. La Dow (C. C. A. 6) 230 F. 378, 380, 382. And where an issue of fact might be made for a jury, a defendant

waives his right in this respect by allowing the court to try the matter without objection. Parkerson v. Borst (C. C. A. 5) 251 F. 242. These pronouncements are supported by a great many authoritative decisions. See, further, Kearney v. Case, 12 Wall. 275, 284, 20 L. Ed. 395; Gilman et al. v. Telegraph Co., 91 U. S. 603, 604, 23 L. Ed. 405; United States v. Harris, 106 U. S. 629, 635, 1 S. Ct. 601, 27 L. Ed. 290; Perego v. Dodge, 163 U. S. 160, 166, 16 S. Ct. 971, 41 L. Ed. 113; Rogers v. Life Ins. Co., 111 Ind. 343, 12 N. E. 495, 497, 60 Am. Rep. 701; International Development Co. v. Sanger, 75 Wash. 546, 135 P. 28, 29; Wolfman v. Corey, 258 Mass. 611, 155 N. E. 635.

■ The judgment of the court recites that "on this day comes on to be heard the matter of fixing or increasing the assessment of benefits in the Pulaski-Lonoke Drainage District against the property of the defendant Missouri Pacific Railroad Company, and the plaintiff being present and represented by its attorney Grover Garner, and the defendant being present and represented by its attorney H. G. Combs, and the court after being well and sufficiently advised in the premises doth find," etc. In the face of this solemn utterance with its attendant presumption of verity, can it be assumed that the court made its important findings without evidentiary support? And can a judgment so rendered, after hearing, without protest or objection, and with presumed agreement, be overturned on appeal upon the bare statement in appellant's brief that no evidence was heard? We think not. The judgment was right and is affirmed.