John P. McLAUGHLIN, as United States Collector of Internal Revenue for the First District of California, Appellant, v. William B. REIS, as Executor of the Last Will and Testament of Ellen B. Reis, Appellee.

No. 6385.

Circuit Court of Appeals, Ninth Circuit.

Feb. 26, 1931.

Before RUDKIN and WILBUR, Circuit Judges.

PER CURIAM.

Pursuant to motion of appellant, ordered appeal in this cause dismissed; mandate forthwith.

METALS BANK & TRUST COMPANY, a Corporation, Appellant, v. UNITED STATES of America, Appellee.

No. 6131.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1931.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

PER CURIAM.

Pursuant to præcipe of counsel for appellant, ordered appeal dismissed; mandate forthwith.

PULASKI–LONOKE DRAINAGE DISTRICT et al., Appellants, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellee.

No. 8713.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1931.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

PER CURIAM.

This appeal was heard at the May term, 1930, of this court, and an opinion was handed down affirming the judgment of the trial court. 44 F.(2d) 899. It was held that, while the record did not disclose that evidence was heard in resolving the issues framed, the presumption that the court acted upon evidence adduced must ordinarily control. After the coming down of the opinion, appellants duly filed their petition for a writ of certiorari to be directed to the United States District Court for the Eastern District of Arkansas. It was alleged that in truth and in fact the case below was heard and decided on the pleadings without the introduction of evidence, and appellants prayed that the record be amended to show the true facts with reference thereto. This petition was granted and the writ issued. The response of the District Court to the writ of certiorari disclosed affirmatively that, at the hearing in that court, no evidence was introduced other than as shown upon the record originally filed on appeal. In view of this showing, it has been considered that appellants' petition for a rehearing should be granted and the appeal decided upon the full and unchallenged record now before the court.

For the facts, issues, and rulings involved, reference is made to our opinion, 44 F.(2d) 899. The question presented to the trial court was whether the plans of the ditches and drains had been altered since the judgment of November 21, 1921, as permitted by section 3625 of Crawford and Moses' Digest of Arkansas 1921, and as alleged by the commissioners of the drainage district in their petitions to the circuit court of Pulaski county, Ark., and whether the increased benefits claimed had accrued to the railroad company. These issues were framed by the pleadings, and the success or failure of appellee's plea of res adjudicata depended upon the solution of the first of these issues. The decision of that question required the introduction of evidence. It could not be made upon this petition and answer. Inasmuch as it now appears that no testimony was taken, and no evidence introduced, the judgment entered is without support, and must be set aside.

The case is remanded to the District Court for a new trial in accordance with these views. It is so ordered.