## MARGARET· G. COUPE *vs.* MARGARET J. PLATT.

Bristol.    October 25, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Use in Tenant's Right of outside Steps and Platform maintained by Landlord.*

Where, in an action for personal injuries, it appears that the defendant was a landlord, who maintained outside steps and a platform for the use in common of tenants of different parts of the building, and that the plaintiff was injured by a defect in the platform while passing over it on a visit to one of the tenants, made on his express invitation to come on a particular day for a particular purpose, a verdict for the plaintiff will not be disturbed, as he was using the platform in the tenant's right.

TORT, for personal injuries.    At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which appear in the opinion.

*R. F. Raymond*, for the defendant.
*M. R. Hitch*, for the plaintiff.

KNOWLTON, J.   The question how far a host is liable to his
guest for the unsafe condition of his premises, when he is visited
upon an invitation, express or implied, merely in a social way,
from considerations of friendship or for pleasure, is not raised
by this bill of exceptions.   The judge assumed in favor of the
defendant that the law of this Commonwealth is like that of
England, where it is held that, in the absence of traps, neither
the poor nor the rich are bound to change the conditions in
which they are accustomed to live in order to furnish for their
friends or guests, recipients of their gratuitous hospitality, safer
or more comfortable surroundings than they have for themselves
and their families.   The English law on this subject was some-
what considered in *Hart* v. *Cole,* 156 Mass. 475, 478, and in *Plum-
mer* v. *Dill,* 156 Mass. 426, but whether it is to be followed in
this Commonwealth has never been decided.

The question in this case is different.   The defendant was a
landlord who maintained outside steps and a platform for the
use in common of tenants of different parts of her building.
The plaintiff was injured by a defect in the platform while
passing over it on a visit to one of the tenants, made on his
express invitation to come on a particular day for a particular
purpose.   The duty of the defendant to keep the platform safe
for the tenant, and for those claiming under him, grew out of the
contract of hiring.   It was a part of the contract that the plat-
form should be kept reasonably safe for the tenant for use in
connection with his tenement.   The contract impliedly included,
not only the tenant himself, but the members of his family, and
his servants and agents who might rightfully occupy and use the
tenement with him.   It included boarders and lodgers, if, in a
proper use of the tenement, such persons might be received
there by the tenant.   It included all persons who, in connection
with the use of the tenement by the tenant, might properly pass
over the platform under the express authority of the tenant and
in his right.   To all such persons, by virtue of her contract
with the tenant, the landlord owed the same duty that she owed
to the tenant personally, to keep the platform reasonably safe.
Whether the tenant would or would not have been liable to the
plaintiff for an injury received from an unsafe condition of the
tenement which he occupied, he expressly authorized the plain-

tiff to pass over the platform in the exercise of his rights under the contract with the defendant, and the defendant owed the plaintiff the duty which arose from the contract in favor of those who were acting by express authority of the tenant in the tenant's right. *Wilcox* v. *Zane*, 167 Mass. 302.

*Exceptions overruled.*