## Patrick H. O'Donnell, Adm'r, v. Rudolph Rosenthal.

1. CONTRACTS— *Where One Who is Not a Party to a Contract May Sue in Respect of a Breach of Duty Arising Out of It.*—Where a party to a contract has committed a breach of duty toward a third person, as well as a breach of contract toward the other contracting party, he is not protected by setting up the contract in respect of the same matter with another person, when sued by such third person.

2. INSTRUCTIONS—*That Unless the Jury Believe and Can Say from the Evidence.*—An instruction containing the phrase " believe and can say from the evidence" has no greater or different force or effect with the words " can say " in, than with them out of it.

Trespass on the Case.—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 30, 1903.

Appellee, by lease in writing, leased to Harry C. Mordue an apartment on the second floor of a building in Chicago to be occupied as a private dwelling. By the terms of the lease the tenant covenanted that he would not interfere with the heating apparatus in the apartment leased by him, and appellee covenanted that he would supply steam for the steam heating apparatus in the building.

Following the covenant was this provision:

"The steam is to be furnished when necessary from the first day of October until the thirty-first day of May, but it is hereby understood and agreed that said lessor shall not be liable in damages for unavoidable delay in not furnishing steam for steam heating."

February 20, 1900, during the term of the lease, plaintiff's intestate, Harry C. Mordue, Jr., a son of the lessee then three years and eight months old, died, and this suit was brought by his administrator against appellee to recover damages for his death.

The declaration sets up the lease and then in the first count charges that appellee negligently failed to furnish steam for the heating of said apartment on February 19th and 20th, and that by reason thereof Harry C. Mordue, Jr., came to his death.

The second count avers that on February 19 and 20, 1900, the temperature was twenty-two degrees above zero; that on February 19th decedent became grievously sick; that by reason thereof it became necessary for the preservation of his life that appellee furnish steam for the heating of said apartment through the entire night of February 19th and 20th; that the father of decedent notified the janitor of appellee in charge of said building of the condition of his son, and that failure to supply steam for the heating of said apartment during said night would endanger the life of his son, yet appellee, by his servant, wrongfully, negligently and unlawfully failed to furnish steam for eight hours from 10 P. M. of February 19th, and that by reason thereof decedent, about 6:15 o'clock in the morning of February 20th, departed this life.

GEORGE C. MASTIN and CHARLES R. WHITMAN, attorneys for appellant.

JULIUS & LESSING ROSENTHAL, attorneys for appellee.

There was no privity either of contract or of estate between the plaintiff's intestate and the defendant. Hence there could be no recovery. Field v. French, 80 Ill. App. 78; Clyne v. Helmes, 61 N. J. Law, 358, 364, 368; Curtin v. Somerset, 140 Pa. St. 70; Winterbottom v. Wright, 10 Mees. & W. 109.

Where the wrongful act complained of "is not immediately (*i. e.* imminently) dangerous to the lives of others, the negligent party, unless he be a public agent, in the performance of some duty, is in general liable only to the party with whom he contracted, and on the ground that negligence is a breach of the contract." Savings Bank v. Ward, 100 U. S. 195, 204, 206; McCaffrey v. Mossberg, etc., Mfg. Co. (R. I.), 50 Atl. Rep. 651, 653.

Where there is no contract, proof of usage will not make one. Savings Bank v. Ward, 100 U. S. 195, 206.

MR. JUSTICE BAKER delivered the opinion of the court.

It is contended on behalf of appellee that because there was neither privity of estate nor of contract between the plaintiff's intestate and the defendant there can be no recovery in this case and therefore the judgment should be affirmed without regard to the other questions presented by the record.

It is no doubt true as a general rule that one who is not a party to a contract can not sue in respect of a breach of duty arising out of the contract, but this rule is not of universal application.

"Sometimes, however, where there has been a breach of contract toward the contracting party there has also been a breach of duty toward a third person, not privy to the contract, and such a breach of duty is actionable. * * * The true question always is, has the defendant committed a breach of duty apart from the contract? If he has only committed a breach of contract, he is liable to those only with whom he contracts; but if he has also committed a

breach of duty, he is not protected by setting up a contract in respect of the same matter with another person." Smith on Contracts, Amer. Ed., 10. Heaven v. Pender. 11 Q. B. D. 506; 1 Shearman and Redfield on Negligence, Sec. 116; Coupe v. Platt, 172 Mass. 458.

Here appellant rented an apartment to be used as a dwelling by the lessee and his family. He covenanted to furnish steam to heat said apartment when necessary. With the slightest care he could foresee that if he was negligent in the performance of his covenant, plaintiff's intestate, the infant son of his tenant, and a member of his family, would be exposed to risk and danger of injury; and we are of opinion, though the question is not free from difficulty, that appellee owed to plaintiff's intestate the duty to use ordinary care and diligence to avoid injuring him, and to that end to use reasonable care and diligence to furnish steam to heat said apartment when necessary. We find no material error in the instructions given for appellee. The court, of its own motion, instructed the jury as follows:

"14. Unless the jury believe and can say from the evidence that the alleged failure of the defendant to supply steam heat, if there was such failure, has something to do with the death of the child (meaning plaintiff's intestate), by way of bringing about such death, you should find the defendant not guilty."

And it is insisted that the words "believe and can say" impose upon appellant a burden of proof which was improper. In this contention we can not agree. The instruction has no greater or different force or effect with the words "can say" in, than with them out of it.

Appellant also insists that the verdict is against the evidence. To entitle plaintiff to a verdict he was bound to show, both that the failure to furnish steam on the night of February 19th constituted and was negligence on the part of appellee, and that such negligence was a proximate cause of the death of his intestate. The jury returned not only the general verdict of not guilty but the following special finding: " What was the proximate cause of the child's

death ?  Answer:  Asthma and heart trouble." We can not say that either the special or the general verdict was against the evidence.

No ·complaint is made that steam was not furnished whenever necessary up to a late hour of February 19th. In the morning of that day the little boy had an attack of acute endocarditis. He had suffered from heart disease for some time and the family physician testified in substance that chronic endocarditis developed into acute endocarditis. He was attended by a physician in the morning, at noon, in the afternoon, at nine o'clock in the evening, and the physician was again called at two o'clock in the morning of February 20th and remained until six o'clock, when the boy died.  The evidence showed that such attacks are exceedingly grave and in a majority of cases result in death. The evidence for appellant tended to show that the patient in such cases should be kept in a warm room, and that for appellee, that he should be kept in a cool room.

As bearing upon the question whether the failure to furnish steam through the night of February 19th constituted and was negligence on the part of appellee, it was shown that the father of the sick boy at ten o'clock in the evening notified the janitor of the building that the boy was very sick; that it was necessary that the room in which he was, be kept warm all night, and that he requested the janitor to keep steam up through the night.  It had been customary to bank the fires at ten o'clock, and for all that appears the fires then banked furnished all the steam that was necessary after that hour under ordinary circumstances. The janitor informed the boy's father that his orders were to bank the fires at ten o'clock and he had no authority to grant his request.  ·Appellant lived about a mile from the building and no attempt to communicate with him that night was made·by either the janitor or the boy's father.

Under the evidence, a finding by the jury that appellee was not guilty of negligence, or that his negligence, if he was negligent, was not a proximate cause of the death of plaintiff's intestate, would not be against the evidence, and

either finding must result in a verdict for defendant. We find no substantial error in the record and the judgment will therefore be affirmed.

Mr. Justice STEIN took no part in the decision of this case.