[No. 4705.   Decided January 13, 1904.]

HARRY SELLERS, *Respondent,* v. THE PACIFIC WRECKING & SALVAGE COMPANY, *Appellant.*[1]

APPEAL AND ERROR—AFFIDAVITS HOW BROUGHT UP. Affidavits used upon a motion to vacate a judgment must be brought up by a statement of facts or they can not be considered on appeal.

JUDGMENT—VACATION—PRESUMPTION AS TO REGULARITY. A judgment entered after a trial in the absence of defendant, who alleges he had no notice of the trial, will be presumed regular where the record fails to show that he had no notice, since error must be affirmatively shown.

Appeal from an order of the superior court for King county, Griffin, J., entered September 20, 1902, refusing to vacate a judgment. Affirmed.

*C. L. Parker,* for appellant.

*William Martin* and *W. A. Keene,* for respondent.

PER CURIAM.—In this action the respondent sued the appellant to recover upon a promissory note. An answer

[1]Reported in 74 Pac. 1056.

was filed to the complaint, and to the answer a reply, raising an issue of fact. Upon this issue a trial was had by jury, in the absence of the appellant, resulting in a judgment for the respondent. Between the return of the verdict and the entry of judgment, the appellant appeared, and objected to the entry of a judgment on the verdict. On its motion being overruled and judgment entered, it moved to vacate the judgment, which motion being also overruled, it appealed to this court.

The appellant based its objection to the entry of judgment, and its motion to vacate, upon the ground that it had not received sufficient, or any, notice of the setting of the case for trial, and supported its motion by affidavits. These affidavits have not been brought to this court. True, copies of certain affidavits appeared in the transcript over the certificate of the clerk, but as we have repeatedly held, this is insufficient to bring them to the consideration of this court. *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, and cases cited.

The record which we can properly consider fails to show any cause for reversal. While it shows that the case was put at issue, that a note of issue was filed and served, that the case was afterwards set down for trial, and thereafter tried, it fails to show that the appellant had no notice of any of these several proceedings. The superior court is a court of general jurisdiction. Every intendment is in favor of the regularity of its record; and, unless that record shows affirmatively that error was committed, error cannot be predicated thereon. In other words, error is never presumed; it must be shown affirmatively by the record. Tested by these rules, the record before us requires an affirmance of the judgment appealed from, and it is so ordered.