[No. 6008.   Decided February 16, 1906.]

THE HOTEL COMPANY, *Appellant,* v. MERCHANTS ICE & FUEL COMPANY, *Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS.   In the absence of a statement of facts errors based upon the evidence cannot be reviewed.

SAME—EXTENSION OF TIME FOR FILING.   Error in refusing an extension of time for filing a statement of facts will not be reviewed where the entire 90 days within which the statement could be served and filed has expired without the filing of any statement.

DAMAGES—TECHNICAL BREACH—NOMINAL DAMAGES.   In an action for the breach of a contract to deliver wood, a finding of a technical breach in that the entire quantity was not delivered supports a judgment for nominal damages only, where there was no finding as to the value of the wood or the damage sustained.

Appeal by the plaintiff from a judgment of the superior court for Spokane county, Belt, J., entered February 5, 1904, upon findings in favor of the plaintiff for nominal damages, after a trial on the merits before the court without a jury, in an action for breach of contract.   Affirmed.

*Samuel R. Stern,* for appellant.
*Post, Avery & Higgins,* for respondent.

CROW, J.—On April 11, 1902, appellant, The Hotel Company, and respondent, Merchants Ice & Fuel Company, both corporations, of Spokane, Washington, entered into a written contract, whereby respondent agreed to sell and deliver to appellant, during the fifteen months immediately succeeding, fifteen hundred cords of wood, at the price $3.50 per cord, payable upon the 1st day of each month thereafter as the wood was delivered.   Appellant instituted this action to recover damages for a breach of said contract, claiming that all of said wood had not been delivered within said time, although demand had been made therefor; that only seven hundred and

[1]Reported in 84 Pac. 402.

ninety-seven and one-half cords had been delivered; and that damages had resulted to appellant in the sum of $705.

On trial of the issues joined, findings of fact were made from which it appears, that during the first eight months appellant requested the delivery of wood thereunder, but that respondent either would not or could not deliver sufficient wood per month to run said hotel, but that thereafter until July 11, 1903, respondent furnished each month within said time all wood requested or required by appellant; that the total amount of wood so furnished was nine hundred ninety-seven and one-half cords; that during the months in which no wood was furnished under said contract, appellant did not purchase wood elsewhere for the purpose of making good said default; that the evidence did not disclose at what particular time default was made, nor what deficiency of wood occurred during any of said months; that from November 12, 1902, until July 11, 1903, respondent did not refuse to furnish during each month sufficient wood to run said hotel, nor did appellant during any of said months demand wood that was not furnished or delivered by respondent. The findings fail to show the value of any wood purchased by appellant from other parties during the period covered by said contract. Upon these findings the court made conclusions of law to the effect, (1) that there had been a technical breach of said contract on the part of respondent, but that appellant had not suffered any substantial damage by reason thereof; (2) that appellant should recover nominal damages in the sum of $5; (3) that respondent was not obliged by said contract to deliver any wood after July 11, 1903. Upon these findings and conclusions, judgment was entered in favor of appellant in the sum of $5 and costs, and this appeal has been taken.

Appellant's brief contains many arguments and statements which we cannot consider, as they are based upon purported evidence claimed to have been admitted, which is not properly before us, there being no statement of facts in the record. From orders contained in the transcript, it appears that, after

the expiration of the thirty days allowed for proposing a statement of facts, and within sixty days after the time for appeal had been running, appellant made two applications for extensions of the time within which to serve and file its proposed statement of facts. These applications, being resisted by respondent, were denied, and it does not appear that any proposed statement of facts was ever filed, served, or certified. The appellant has incorporated in its brief what purports to be quotations from evidence of witnesses present at the trial, and bases many of its arguments upon such supposed evidence, all of which we must of necessity ignore.

Appellant contends that the court erred (1) in refusing to grant judgment as prayed in the complaint; (2) in allowing nominal damages only; (3) in refusing to grant an extension of time for filing and serving a proposed statement of facts, on appellant's first application; (4) in refusing to grant an extension of time on appellant's second application. Respondent has moved this court to strike appellant's opening brief, dismiss the appeal, and affirm the judgment, on numerous grounds. By reason of the view entertained by us on the merits, it will not be necessary to discuss this motion.

By its third and fourth assignments of error appellant complains of the action of the trial court in twice refusing it an extension of time within which to serve and file a proposed statement of facts. It would be an idle proceeding for us to review these orders on this appeal, because no order which would now be made would be of any benefit to appellant, the entire ninety days within which a statement could be served and filed, even though an extension had been given, having long since expired. *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261.

There being no statement of facts, the only question to be considered is whether the judgment is warranted by the findings. We think it is. It is true, the court found a technical breach of the contract on the part of respondent, in that respondent did not furnish the entire fifteen hundred cords of

wood; but the findings utterly fail to show what damage, if any, had been sustained by appellant by reason of such technical breach of contract. In its brief the appellant bases its contention for damages on what it claims was proven by the evidence; but as there is no evidence before us, we cannot consider such argument. On the findings made, the only judgment which the court could enter in favor of appellant was one for nominal damages, which was done.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, ROOT, and HADLEY, JJ., concur.

FULLERTON and RUDKIN, JJ., concur in the result.