[No. 9525. Department One. July 15, 1911.]

EFFIE M. SPOAR *et al., Appellants,* v. SPOKANE TURN-VEREIN, *Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS — AFFIDAVITS. The vacation of a default judgment, heard upon affidavits, cannot be reviewed unless the affidavits are brought up on appeal by a statement of facts or bill of exceptions, where they are not attached to the motion and part of the record.

JUDGMENT—DEFAULT—VACATION. It is discretionary to open a default judgment against a corporation, where the papers were served upon an officer who was unfamiliar with legal proceedings and mislaid and lost the papers until after entry of the judgment, and the motion was made with diligence.

NEGLIGENCE—DANGEROUS PREMISES—PLEADING — ANSWER. In an action for injuries sustained by a fall upon a stairway landing, an answer alleging contributory negligence states a defense.

[1]Reported in 116 Pac. 627.

LANDLORD AND TENANT—CONDITION OF PREMISES—INJURIES TO THIRD PERSON—LIABILITY. The owner of leased premises is not liable to one visiting an exhibition therein, for injuries caused by snow and ice on an outside stairway landing, where the tenant giving the exhibition was in exclusive possession and control of the premises, including the stairway, and when leased the premises were in safe condition and free from snow and ice.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 4, 1910, upon overruling demurrers to affirmative defenses, dismissing an action for personal injuries sustained by falling upon a stairway, after a hearing before the court. Affirmed.

*John Salisbury*, for appellants.
*Merritt, Oswald & Merritt*, for respondent.

GOSE, J.—This is an action to recover damages for injuries sustained by the plaintiff Effie M. Spoar, on January 13, 1910, from falling upon the steps of an outside stairway leading to a hall in a building owned by the defendant. The complaint alleges, that the building was temporarily occupied by the Spokane Poultry Association under a license from the defendant for the purpose of exhibiting poultry, and that the defendant retained full control of the premises; that the plaintiff visited the poultry show, and while attempting to leave the building by the stairway, slipped upon the ice which the defendant had negligently permitted to accumulate, and sustained serious injuries. The complaint and summons were served upon the defendant upon April 15, 1910, by delivery to defendant's acting president. An order of default was entered on May 9, and a default judgment was entered against the defendant on May 24, for $15,150 and costs, the amount prayed for in the complaint. On June 8 the defendant filed a motion to vacate the order of default and the judgment. On June 18 a general demurrer was interposed to the motion. On July 13 an order was entered overruling the demurrer and vacating both the order of default and the

default judgment, and giving the defendant one week in which to plead to the complaint.

The answer joined issue upon the charge of negligence, and pleaded two affirmative defenses. In the first affirmative defense it is alleged, in substance, that the defendant leased all of the building to the poultry association for the period of one week beginning January 10, 1910, except certain rooms in the basement occupied by its janitor; that by the terms of the lease it was agreed that the association was to have, and it did have during such time, the exclusive use and possession of the entire building, including the stairways and approaches leading thereto, except as heretofore noted; that the upper portion of the building consists of a hall, the entrance to which is by an outside stairway; that the basement is not entered by such stairway; and that at the time it made the lease, the premises, including the stairway, were, and continued to be, in a safe condition, free from snow and ice. It is further alleged that everything pertaining to the use and occupancy of the premises during the leasehold term was to be furnished by the association, except the necessary lights. In the second affirmative defense, it is alleged that, if the plaintiff was injured, the injury was caused by her own negligence. The plaintiff demurred to each of the affirmative defenses, on the ground that neither thereof states facts sufficient to constitute a defense. An order was thereafter entered overruling each of the demurrers, and counsel for the plaintiff announcing that he refused to plead further and that he would stand upon his demurrers, a judgment of dismissal was entered. The plaintiff has appealed from the order overruling his demurrer to the motion to vacate the order of default and the default judgment, from the order vacating the same, and from the judgment of dismissal.

The motion to vacate the order of default and the judgment recites that it is based upon the "record, files, and pleadings . . . and upon the affidavits hereto annexed, and the affidavits hereafter to be secured and filed with the clerk" of

the court. There is but one affidavit attached to the motion. The order overruling the demurrer and vacating the order and judgment of default recites that the court has "read the affidavits in support of and against the motion." There is no statement of facts before us. The affidavits must be brought here by a bill of exceptions or statement of facts, or the evidence cannot be reviewed. *Hotel Co. v. Merchants' Ice etc. Co.*, 41 Wash. 620, 84 Pac. 402; *Tatum v. Boyd*, 11 Wash. 712, 39 Pac. 639; *Sellers v. Pacific Wrecking etc. Co.*, 34 Wash. 111, 74 Pac. 1056. It is patent, from the recital in the order, that the respondent presented to the court more than one affidavit, and that the court reached its conclusion from reading all the affidavits offered by the parties. As was said in the *Sellers* case, every intendment is in favor of the regularity of the record in a court of general jurisdiction. In *Morgan v. Bankers Trust Co.*, 63 Wash. 476, 115 Pac. 1047, we said, in considering an appeal from an order denying a motion for a new trial:

"We are led to conclude that, in the absence of the evidence upon which the verdict and judgment were rendered, the presumptions in support of the judgment overcome the presumption of prejudice arising from erroneous instructions in this case, assuming, for argument's sake only, that the instructions complained of do not correctly state the law."

In *State v. Vance*, 29 Wash. 435, 70 Pac. 34, cited by the appellants, there was a single affidavit attached to and made a part of the motion for a continuance, and it was definitely referred to in the order overruling the motion. It was, therefore, held that the affidavit became a part of the record without being certified in a bill of exceptions or statement of facts. The rule there announced applies to the affidavit referred to in the motion in the case at bar, but has no application to the other affidavits. The motion was informal, and was based upon facts stated in the accompanying affidavit and to be stated in the other affidavits to be filed in the case.

Moreover, the facts stated in the affidavit accompanying

the motion warranted the court, in the exercise of a sound judicial discretion, in vacating the order of default and the judgment. A reference to the dates will disclose that the respondent moved promptly against the default and default judgment. The substance of the affidavit is, that the affiant, the officer of the respondent on whom the complaint and summons were served, is a native of Germany, unfamiliar with legal proceedings in this country; that he has never attended our courts except as a witness; that he believed, until after the entry of the default judgment, that no further action would be taken until he had been served with a notice or process stating the exact date on which the trial of the action would occur; that he was very busy when the papers were served upon him; that he laid them aside at that time without reading them; that thereafter and before the entry of the order of default, he made diligent search for the complaint and summons, but was unable to find them until after the order of default and the default judgment had been entered, and that he did not know their contents. See, *Bozzio v. Vaglio*, 10 Wash. 270, 38 Pac. 1042; *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182; *Wilson v. Seattle Dry Dock & Ship Bldg. Co.*, 26 Wash. 297, 66 Pac. 384.

The correct rule is aptly stated by Judge Hadley, in *Moody v. Reichow*, 38 Wash. 303, 80 Pac. 461, as follows:

"Discretion must, however, be exercised for reasonable cause, and upon such grounds as may reasonably happen to a person in the exercise of ordinary diligence in the protection of his rights."

It is next insisted that the court erred in overruling the demurrers to the affirmative defenses. It is too patent to require discussion that the second affirmative defense, alleging that the injury, if any was caused by the appellant's own negligence, states a defense.

The first affirmative defense, as we have seen, in substance, is that, when the injury occurred, the poultry association was in the exclusive possession and control of the premises, in-

cluding the stairway leading to the hall, under a lease for one week; that it was to furnish everything pertaining to the use and occupancy of the hall during the term, except lights; that the hall and stairway when leased were, and continued to be, in safe condition and free from snow and ice. These facts would, if proven, exonerate the respondent from liability. *Ward v. Hinkleman*, 37 Wash. 375, 79 Pac. 956; *Baker v. Moeller*, 52 Wash. 605, 101 Pac. 231.

The appellants have cited *Coupe v. Platt*, 172 Mass. 458, 52 N. E. 526, 70 Am. St. 293; *Trustees of Canandaigua v. Foster*, 156 N. Y. 354, 50 N. E. 971, 66 Am. St. 575, 41 L. R. A. 554, and *Mitchell v. Brady*, 124 Ky. 411, 99 S. W. 266, 124 Am. St. 408, 13 L. R. A. (N. S.) 751. In the *Coupe* case the defendant, a landlord, maintained outside steps and a platform for the use in common of tenants of different parts of the building. The plaintiff was injured by a defect in the platform while passing over it on a visit to one of the tenants, made on his invitation to come on a particular day for a particular purpose. The court said that the duty of the defendant to keep the platform safe for the tenant, and for those claiming under him, grew out of the contract of hiring, and that it was a part of the contract that the landlord should keep the platform reasonably safe for the tenant for use in connection with the tenement. It was held that the landlord owed the same duty to an invited guest that she owed to the tenant personally, to keep the platform reasonably safe. The *Foster* case was a suit by trustees of the village as representatives of the general public, to recover damages which they had been compelled to pay on account of personal injuries sustained by a pedestrian through an accident caused by a defective grate in the sidewalk in front of defendant's premises. The court emphasized the fact that the question was not one between the owner and his tenant or patrons of the tenant, but between the owner and the representatives of the general public, entitled to a safe passage over the sidewalk as a part of the highway. The court said that the lease of

the entire premises, and possession thereof by the tenant, would throw the burden of maintaining the grate in a safe condition upon the latter. In the *Mitchell* case it was held that the owner of a building with projections over the sidewalk is not absolved from liability to a person injured by the falling of the projections on the sidewalk by reason of the fact that he has leased the property to another and the tenant has obligated himself to keep the property in repair. These cases are distinguishable upon the facts.

The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.