[No. 11923.   Department One.   December 1, 1914.]

# J. B. VAN DYKE et al., Appellants, v. D. A. JOHNSON et al., Respondents.[1]

APPEAL—REVIEW—HARMLESS ERROR — INSTRUCTIONS.   Failure to instruct that an affirmative defense was denied by a reply, is harmless, where the jury were told that the burden of proof rested upon the defendants to establish the affirmative defense, and appellant made no request for a further statement of the issues and did not call attention to the matter when the instructions were given.

TRIAL—INSTRUCTIONS—ON UNSUPPORTED ISSUES.   In an action for damages through a collision of automobiles, it is not error to submit the defendant's liability upon the sole question of alleged excessive speed, where there was no evidence to sustain allegations of negligence in other respects.

MUNICIPAL CORPORATIONS — STREETS — NEGLIGENT USE—COLLISION.  Negligence of the defendant in failing to sound a horn in approaching a street crossing is not the proximate cause of an automobile collision, where the plaintiffs saw and were already aware of the approaching car of the defendants.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.   It is harmless error, in prefacing an instruction as to a rule of law, to state that defendant lifted a little girl "in his arms" instead of "by the arms," where the jury could not have been misled.

APPEAL — PRESERVATION OF GROUNDS — INSTRUCTIONS — REQUESTS.  Error cannot be predicated upon the failure to give an instruction that a person is not required to use the same degree of care in emergency as when he had time to deliberate, in the absence of any request therefor.

SAME.   Error cannot be predicated upon the incompleteness of an instruction as to the credibility of witnesses in the absence of a request for a more complete one.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.   Where the verdict of a jury denied the right of recovery, error in excluding evidence going only to the extent of plaintiff's injuries, is harmless.

APPEAL—RECORD—STATEMENT OF FACTS — AFFIDAVITS.   Affidavits used on a motion for a new trial cannot be considered on appeal when not made part of the record by being embodied in the statement of facts.

[1]Reported in 144 Pac. 540.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered December 9, 1913, upon the verdict of a jury rendered in favor of the defendants, in an action in tort. Affirmed.

*John B. Van Dyke* and *Milo A. Root*, for appellants.

*Peters & Powell*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries sustained by Mrs. Van Dyke, one of the plaintiffs, when two automobiles collided.

The plaintiffs are husband and wife. The defendants, D. A. Johnson and Rose Johnson, his wife, are the parents of Harold P. Johnson, the other defendant. The cause was tried to a jury. From a verdict and judgment in favor of the defendants, the plaintiffs have appealed.

The accident occurred at the intersection of Tenth avenue north, and east Aloha street, in the city of Seattle. Tenth avenue north, is a north and south street. East Aloha street extends east and west. Both streets are paved with asphalt. The grade on Tenth avenue north, at the intersection of east Aloha street, and for several blocks on the other side thereof, is slight. East Aloha street, for approximately three blocks west of Tenth avenue north, also has an inconsiderable grade. Beginning at the east line of Tenth avenue north, the grade of east Aloha street increases and continues to increase for a number of blocks. The surface of the ground immediately west of Tenth avenue north, and north of east Aloha street, has an elevation of approximately seven feet above the street, and was, at the time of the accident, covered with grass about fifteen inches high. This elevation of earth obstructs the view of travel going south on Tenth avenue north, approaching east Aloha street until a point is reached where the earth drops down to the intersecting sidewalks. Tenth avenue north, is forty-two feet and two inches between the curbs. East Aloha street is twenty-four feet and two inches between the curbs.

On July 21, 1912, one Mrs. Childs was driving her five passenger Ford car south along the west side of Tenth avenue north. With Mrs. Childs, as her invited guests, were the plaintiffs, a Miss Ostrum, and a Mrs. Lloyd. Mrs. Childs sat in front on the left side and drove the automobile. Mr. Van Dyke sat in the front seat on the right-hand side, and held on his lap Mrs. Childs' little girl, then aged about nine years. The three ladies above mentioned occupied the rear seat. The automobile was traveling at the rate of ten miles per hour. When it was approximately nine feet north of the north edge of the sidewalk, on the north side of east Aloha street, Mrs. Childs and Mr. Van Dyke saw the defendants' automobile approaching from the west, traveling rapidly east on Aloha street. The plaintiffs' evidence tends to show that the Johnson machine at this time was approximately one hundred and twenty feet west of the line of Tenth avenue north, and was on the right-hand side of the center of east Aloha street.

According to the defendants' evidence, the Johnson automobile was somewhat nearer Tenth avenue north than one hundred and twenty feet at this time. Both cars continued in the direction they were going. A little to the southeast of the center point of the intersection of the streets named, the cars collided. The point of contact between the cars was the right front of the car Mrs. Childs was driving with the left center of the Johnson car. Mrs. Childs apparently upon seeing that a collision was imminent turned her car to the left. The Johnson car maintained its direction.

When Mr. Van Dyke realized that a collision was at hand, thinking of the welfare of the little girl upon his lap, he took her by the arms and passed her back of her mother over the left-hand side of the car, and dropped her to the pavement. The child escaped without injury. When the cars collided, the Ford car which Mrs. Childs was driving was overturned, and Mrs. Van Dyke suffered the injuries for which this action was instituted. Other facts will be referred to in connection

with the consideration of the points to which they may be particularly germane.

It is first claimed that the trial judge committed prejudicial error in stating the issues to the jury, in that he failed to state that the affirmative defense contained in the answer was denied by a reply. The court stated the allegations of the complaint in general terms, and concluded this statement with the suggestion that "all of which will more fully appear from an examination of the pleadings in this case which you will be permitted to take with you to your jury room." The jury were then told that certain allegations of the complaint were admitted and that others were denied, and that by way of an affirmative defense it was alleged that the accident was due to the negligence of Mrs. Childs in the operation of her car. The attention of the jury was not specifically directed to the fact that the affirmative defense pleaded was denied by a reply. In the course of the instructions upon the law, the court told the jury that the burden of proof was upon the plaintiffs to establish the material allegations of their complaint by a fair preponderance of the evidence; and that "a corresponding duty devolves upon the defendants to establish their affirmative defense by a like preponderance of the evidence." The plaintiffs made no request, so far as the record shows, that the issues be stated more completely, nor did they call the trial court's attention to the matter in any form at the time the instructions were given. It was doubtless through inadvertence that the jury were not told that the affirmative defense was denied by the reply. It does not seem that the jury could possibly have been misled by this oversight. The instruction that the defendants must prove their affirmative defense by a fair preponderance of the evidence would negative any inference that such defense was not denied. The evidence in fact showed that this defense was controverted.

It is next claimed that the court erred in instructing the jury that, unless the driver of the Johnson car was negli-

gent in respect to excessive speed, and that this negligence was the proximate cause of the collision, the verdict should be for the defendants. The objection urged against this instruction is that it fails to submit to the jury other charges of negligence that are alleged in the complaint. The instruction submits to the jury the issue upon the question of the defendants' negligence as made by the evidence. The court could not properly submit a charge of negligence as made in the complaint if it were not supported by some evidence. In saying that the instruction was as broad as the evidence, we are not unmindful of the fact that the complaint charges negligence in failing to sound the horn, as required by the city ordinance. The purpose of sounding the horn would be to give warning and apprise others of the approach of a vehicle in time to avoid accidents. The uncontroverted evidence is that Mr. Van Dyke and Mrs. Childs both saw the Johnson car approaching when they were within nine feet of the north line of the sidewalk on the north side of east Aloha street, and at that time the Ford car was traveling at the rate of ten miles per hour, the other car, as they claim, being approximately one hundred and twenty feet down east Aloha street. Having seen and observed the car, sounding of the horn would have been of no additional efficacy in avoiding an accident. As to the other negligent acts on the part of the driver of the Johnson car which it is claimed should have been submitted to the jury, reference is made, in appellants' opening brief, to paragraph four of the complaint. In the reply brief, our attention is directed to the abstract where an excerpt from this paragraph of the complaint is quoted. But no evidence is pointed out which sustains any charge of negligence other than that of excessive speed.

It is next contended that the court erred in instructing the jury that if the plaintiffs, or either of them, were guilty of negligence which occasioned or contributed to the collision, that no recovery could be had. It is claimed that the giving of this instruction imposes upon the plaintiffs the

duty "of exercising extraordinary care and prudence." We do not so understand the instruction. The language of the instruction is that if "the plaintiffs, or either of them, were themselves guilty of negligence which occasioned or contributed to the collision of the cars," that then a verdict could not be returned in their favor. In this language there is no basis for the claim that the instruction imposes upon the plaintiffs the duty of exercising extraordinary care and prudence. The jury were further instructed that the mere fact that the plaintiffs were riding with Mrs. Childs in her automobile would not make them or either of them responsible for her negligence or contributory negligence, but that it was only the contributory negligence of the plaintiffs themselves which caused or contributed to the accident that would bar their right to a verdict.

It is next urged that the court erred in instructing the jury relative to the act of Mr. Van Dyke in lifting the little girl who was sitting upon his lap, and passing her out on the left-hand side of the machine to the pavement. The instruction is that "It is admitted by the plaintiff Van Dyke that, just prior to the collision, he, sitting on the right-hand side of the car, reached over to the rear of Mrs. Childs, who was driving this machine, with a little child in his arms, and dropped her out on the left-hand side of the machine. . . ." The subsequent part of the instruction submits to the jury the question as to whether this act interfered with the operation of the machine by Mrs. Childs and thereby brought about or contributed to the collision. The particular objection to the instruction is that the court used the language "in his arms" instead of that he took her "by the arms." The court in the instruction was referring to an admitted fact as a preface to the statement of a rule of law. The jury had heard the evidence as it was detailed, and could not have been misled by the language used in the instruction. The objection is technical rather than substantial. It is also claimed that this instruction ignores the fact that Mr. Van

Dyke was acting in the presence of imminent danger, and was not required to exercise that degree of care which would be imposed upon one where there was time for thought or deliberation. The instruction correctly submits to the jury whether the act of Mr. Van Dyke was contributory negligence. In the previous instruction, in general terms, the jury had been told that "where a person in sudden emergency is called to act quickly, the law does not require of him or her the same degree of care, skill and judgment as it might in a case where he or she has plenty of time to deliberate and consider." This language, it is true, is the concluding sentence of an instruction which submitted to the jury the question of Mrs. Childs' negligence in the operation of the car. No request as applied to Mr. Van Dyke was made for an instruction calling the jury's attention to the rule that, where a person in a sudden emergency is called upon to act quickly, the law does not require of him the same degree of care, skill and judgment as it might in a case where he has time to deliberate and consider. In the absence of such a request, no error can be predicated upon the instruction as given.

It is next contended that the court erred in the instruction which it gave upon the subject of the credibility of the witnesses. The objection to this instruction is that it is an incorrect and incomplete statement of the rule on that subject. It is true that this instruction is somewhat more abbreviated than one which is many times given. But its brevity does not make it erroneous. Had a more complete instruction upon this subject been desired, it should have been requested. So far as the record shows, the plaintiffs presented no requests for instructions.

The next assignment of error deals with the ruling of the court in rejecting certain testimony offered by the plaintiffs. This testimony was that of two medical experts, and went to the question of the extent of the injury. Whether these rulings were correct is not material upon this appeal.

The evidence offered and rejected did not go to the right to recover, but to the amount thereof. The jury, by its verdict, found that there was no right of recovery. Therefore evidence bearing upon the extent of the injury or the amount of damages would not be here material.

It is next claimed that the court erred in overruling the plaintiffs' objection to the defendants' examination of certain witnesses. Without reviewing in detail this objection, it may be said that it is without merit.

Finally, it is contended that the motion for new trial should have been granted by the trial court because of the facts stated in certain affidavits which were filed by the plaintiffs in support thereof. These affidavits appear in the clerk's transcript. They are not attached to the motion or referred to in it. Neither are they made a part of the record by being embodied in the statement of facts. Under the decisions of this court, the affidavits are not a part of the record. *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795; *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627; *International Development Co. v. Sanger*, 75 Wash. 546, 135 Pac. 28.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.