[No. 13630. Department One. February 6, 1917.]

SEVERINO CAMOZZI, *Respondent,* v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Appellant,* C. J. ANDERSON, *as Union Messenger & Taxicab Company, Defendant.*[1]

STREET RAILROADS—COLLISION AT CROSSING — NEGLIGENCE — EVIDENCE—SUFFICIENCY—FAILURE TO RING BELL. A collision between a taxicab and a cable car is shown to be due solely to the negligence of the driver of the taxicab, where it appears that both were approaching a street intersection at about the same speed, that the cable car was in view three blocks away and stopped in the middle of the street as was customary, reaching there first, when the taxicab ran into the middle of the side of the cable car; and in such case it is immaterial that no bell was rung on the cable car.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 29, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger through a collision between a taxicab and a street car. Reversed.

*James B. Howe* and *H. S. Elliott,* for appellant.

*Vanderveer & Cummings,* for respondent.

MOUNT, J.—On March 2, 1913, the respondent was riding in a taxicab which collided with a street car, in the city of Seattle, at the junction of James street and Third avenue. He brought this action to recover damages against both the street car company and the taxicab company. At the trial

[1]Reported in 162 Pac. 987.

18—94 WASH.

of the case, at the close of the plaintiff's evidence, both the street car company and the taxicab company moved the court for a directed verdict, because no negligence was shown. This motion was denied. The case was submitted to the jury, which returned a verdict of five hundred dollars against each of the defendants. The street car company has appealed.

The ultimate facts are as follows: About seven o'clock, in the evening of the date stated, the respondent and his family employed the Union Messenger & Taxicab Company to take them for a ride in a Ford taxicab. They were proceeding north on Third avenue on the right-hand side of the street. It was medium dark at that time, and the street lights were burning brightly. James street intersects Third avenue at right angles. As the taxicab approached James street, the respondent testified that he saw a cable car coming down James street about three car lengths from the intersection of that street with Third avenue. The taxicab at that time was about the same distance from the crossing. The cable car reached the intersection of these streets a little ahead of the taxicab. The cable car stopped in the middle of the crossing, as was customary. The taxicab approached the street car at a speed estimated at from four to twelve miles per hour, and struck the center of the street car immediately after that car had stopped. The respondent was thrown from the taxicab and injured.

The only negligence claimed against the street car company is that the motorman on the street car did not ring the bell before approaching the crossing. The evidence is ample that the bell was rung, but, assuming that the street car bell was not rung, there is no evidence of negligence on the part of the street car company. The purpose of the bell is to attract attention of persons who are liable to be in the way of the car. The testimony of the respondent himself shows that he saw the car three car lengths before it arrived at the crossing. The ringing of the bell would have

given no additional notice. The taxicab in which he was riding was about the same distance from the crossing at that time. The driver of the taxicab, who was sitting in the front seat with the respondent, either did not see the street car or paid no attention to it. When the street car came to the crossing, it was there first, and in plain view of the driver of the taxicab. Instead of stopping the taxicab, as he should have done, he ran into the middle of the side of the street car. It requires no argument to show that the street car company, under these circumstances, was not negligent, for it is plain that the negligence was solely that of the driver of the taxicab. If he was traveling at only four miles an hour, as the testimony tends to show, or even if he was traveling at ten or twelve miles per hour, he could have stopped his taxicab readily before colliding with the street car. We think there can be no doubt that, under the facts stated, the sole negligence was that of the driver of the taxicab in which the respondent was riding. It was plainly the duty of the court to have dismissed the action against the street car company. The judgment appealed from is therefore reversed, and the cause dismissed as to the street car company.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.