[No. 18029. Department Two. January 25, 1924.]

CHARLES F. KNIGHT et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

STREET RAILROADS (18)—INJURY TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A pedestrian is guilty of contributory negligence in walking directly in front of an approaching street car without looking, when there was nothing to distract her attention and she had reason to expect its approach; and it is no excuse that she thought she had ample time to cross.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 30, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by a street car. Reversed.

[1]Reported in 222 Pac. 471.

*Thomas J. L. Kennedy* and *Edwin C. Ewing,* for appellant.

*Allen & Griffith,* for respondents.

FULLERTON, J.—This is an appeal by the city of Seattle from a judgment rendered against it on the verdict of a jury in an action by the respondents to recover for personal injuries.

Third avenue in the city named is a street running approximately north and south. It is crossed at right angles by Madison street. On each of the streets are double tracks of the city's municipal street railway lines. The respondent Claudine Knight approached the street intersection, riding on a street car traveling south on Third avenue, intending to transfer to an east-bound car on Madison street. The car on which she was riding stopped at the north intersection of Madison street. The cars going east on that street traveled on the south track and stopped for the purpose of taking on passengers on the east side of the street, and the respondent to reach that place was obligated to cross both of the streets. On alighting from the Third avenue car, the respondent went west to the sidewalk, thence south across Madison street, and from thence proceeded east across Third avenue. As she approached the first track on that avenue, she was struck by a street car traveling south on that track, was knocked down and severely injured.

The respondent testified that, on leaving the sidewalk to cross the avenue, she looked north and saw the car which struck her standing on the north side of Madison street; that she gave it no further heed until she got near the street car track sufficiently close to be struck by a passing car, when she again looked and saw the car "right upon her," and that she then attempted to escape it, but was unable to do so. She testified that

she heard no bell or other warning given of the approach of the car. The accident occurred at 5:45 p. m., in the evening of February 7, 1922. The respondent described the evening as dusky and somewhat stormy, although not dark. Objects were plainly visible and she could plainly see the street car across the street, some sixty or seventy feet distant. She also testified that there were no automobiles, and but little other traffic on the street at the time.

There is no evidence of excessive speed on the part of the street car. On the contrary, the evidence is that it proceeded in the usual manner. While the evidence of the motorman is that he saw the respondent leave the curb and move towards the street car track, his evidence also is that she was walking in the usual manner and not hurriedly; that he sounded his gong when the car started to move across the street and sounded it continuously until the respondent was struck; that he thought from the respondent's movements that she would stop before reaching a place of danger, and that he acted upon that assumption until he discovered that she would not; that he then applied the emergency brakes on the car and stopped within two feet, although too late to prevent striking the respondent. The motorman was corroborated as to his overt acts not only by the conductor of the car but by a passenger riding thereon.

The appellant challenged the sufficiency of the evidence at the close of the respondent's testimony, and after verdict, but before judgment, renewed the challenge and moved for judgment notwithstanding the verdict. When the challenge was first interposed, the trial judge, in very pertinent and pointed language, expressed the view that the respondent was guilty of contributory negligence in such a degree as to bar a recovery. He reserved his ruling on the question,

however, until the verdict of the jury could be taken thereon, granting leave to the city to renew the motion should the verdict of the jury be of a contrary view. When the challenge was renewed after the return of the verdict, it was denied by a formal order to that effect, no reason being assigned, at least so far as the record as it is presented here discloses, for the change of view on the part of the trial judge.

There can be no recovery, of course, unless the injury to the respondent was the result of negligence on the part of the operators of the street car to which she in no material degree contributed. While the evidence of negligence on the part of the operators of the car is very meager, we are not inclined to say that the record is entirely barren of such evidence. But we are plainly of the opinion that the respondent was guilty of such contributory negligence as to bar a recovery. By her own testimony she walked directly in front of the approaching car without looking for its approach, although in a situation where she had reason to expect its approach, and in a situation where there was nothing to distract her attention from it. Her excuse is that the car was such a distance from her when she left the curb and when she last looked for it that she thought she had sufficient time to cross in front of it before it would reach her. But this will not absolve her. As we said in *Johnson v. Washington Water Power Co.*, 73 Wash. 616, 132 Pac. 392, that although the injured party "may have concluded that he had sufficient time to cross in front of" the approaching car, "he did not in fact have sufficient time, and did not verify his estimate by taking a look immediately before he entered the place of danger. His injury was clearly, therefore, contributed to by his own negligence." To the same purport are our cases of *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51; *Helliesen v. Seattle*

*Elec. Co.,* 56 Wash. 278, 105 Pac. 458; *Beeman v. Puget
Sound Tr., L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087;
and *Herrett v. Puget Sound Tr., L. & P. Co.,* 103 Wash.
101, 173 Pac. 1024.

There is no necessity for prolonging the argument.
Under the rule of the cited cases there can be no re-
covery in this one. The judgment of the trial court
must therefore be reversed, with instructions to dis-
miss the action. It will be so ordered.

MAIN, C. J., MITCHELL, BRIDGES, and PEMBERTON, JJ.,
concur.