[No. 19560.   Department Two.   April 8, 1926.]

ALBERTA McCLELLAND, *Appellant,* v. PACIFIC NORTHWEST
TRACTION COMPANY, *Respondent.*[1]

[1] STREET RAILROADS (18, 19) — INJURY TO PERSON ON TRACK —
CONTRIBUTORY NEGLIGENCE AT CROSSING—EVIDENCE—SUFFICIENCY.
A pedestrian, struck by an interurban street car, is guilty of
contributory negligence, as a matter of law, where before start-
ing across the street, in the day time, with no other traffic in
view, she saw the approaching car a block away, and kept it in
view all the time until she was within a few feet of and very
close to the tracks, knowing that it made no safety stop at that
place.

[2] SAME (18). The fact that a motorman gave no warning bell or
whistle at a street corner is immaterial on the question of the
negligence of a pedestrian who at all times had the approaching
car in full view.

Appeal from a judgment of the superior court for
King county, Chapman, J., entered March 31, 1925,
upon granting a motion for nonsuit in an action for
personal injuries sustained by a pedestrian struck by
a street car. Affirmed.

*Fred H. Lysons* and *Schwellenbach & Merrick,* for
appellant.

*James B. Howe* and *Hugh A. Tait,* for respondent.

PARKER, J.—The plaintiff, Mrs. McClelland, seeks
recovery of damages for personal injuries which she
claims to have suffered as the result of the negligent
operation of an interurban street car of the defendant
traction company. The case proceeded to trial in the
superior court for King county. When the evidence
in behalf of the plaintiff was all in and her counsel had
rested, counsel for the defendant moved for judgment
of dismissal, claiming such right as a matter of law
upon the ground that the evidence failed to show any
negligence on the part of the defendant's motorman
in the operation of the car; and also that the evidence

[1]Reported in 244 Pac. 710.

conclusively showed that the plaintiff's own contributory negligence was the cause of whatever injury she suffered by being struck by the defendant's car. The trial court granted the motion and rendered judgment of dismissal accordingly, from which the plaintiff has appealed to this court. The remarks made by the trial judge, in so disposing of the case, indicate his view as being that, while there was probably sufficient evidence to go to the jury upon the question of the defendant's negligence, if that were the only decisive question, the evidence conclusively shows as a matter of law that the plaintiff's contributory negligence was the predominating proximate cause of her being injured, and that for that reason the defendant was entitled to a judgment of dismissal as a matter of law.

Westlake avenue in Seattle runs northerly and southerly. Upon it there are two street car tracks belonging to the city, over which it operates its own street cars, and also over which it permits respondent traction company, to operate its interurban street cars which run north beyond the city limits to Everett. The east track carries the north bound cars and the west track carries the south bound cars. The avenue, where it runs through the northerly business portion of the city, is intersected at right angles by Mercer street and, 360 feet to the north thereof, it is intersected approximately at right angles by Roy street. The avenue and car tracks curve slightly to the west a short distance south of Roy street. The paved vehicle roadway of the avenue is 58 feet wide between the sidewalk curbs. The roadway on each side between the curb and the first rail of the street car track is twenty-one and one-half feet wide. The grade of the avenue from Roy street to Mercer street is nearly level, being slightly downward.

Appellant was injured by being struck by respond-

ent's approaching south bound car, while she was at-
tempting to walk east across the avenue along the line
of the north sidewalk crossing of Mercer street. She
was evidently struck by the front right hand corner
of the car. She fell upon the pavement, near to and
west of the west rail of the track, at a point about
eight feet south of the north Mercer street sidewalk
crossing, evidently being thrown to the south, and a
little to the west, some eight to twelve feet from where
she was struck by the car. The car was brought to a
stop almost within its own length, so that its rear end
was about even with where she lay upon the pavement.
The car did not run over her. No witnesses testified
to seeing her struck by the car or to seeing her at any
time prior to the car coming to a full stop.

One witness, who just before the accident was on
the west sidewalk of the avenue about 200 feet north
of Mercer street, testified that when the car passed
that point, it was running thirty miles per hour. This
was an unlawful rate of speed within that portion of
the city. There is nothing telling us the rate of speed
of the car when it reached Mercer street other than
such inferences as may be drawn from the thirty mile
speed at a point about two hundred feet to the north,
the distance within which the car was stopped after
striking appellant, and the apparent distance she was
thrown when struck.

Appellant was the only witness who testified as to
what she did, what she saw or could have seen, and the
traffic conditions, from the time she stood upon the
sidewalk at the northwest corner of the intersection
until she lay upon the pavement after the car came to
a stop. We quote her testimony touching these
matters, as abstracted by her counsel:

"I was on the northwest side of Westlake and
Mercer. I stopped on the curb on the sidewalk and

looked each way north and south, and then I started across the street. I went straight across. I looked to see if it was safe to go across the street. I was on the curb when I saw the Everett interurban. The car was fully a block away at that time, as nearly as I can say. It was just finishing the curve as I saw it. At that time I made up my mind that I could get across and I started across the street. I stood and looked and the car was fully a block away, it looked as far away as Roy street and was just finishing the curve as near as I can make it, just righting itself on the straight track as I started off. I had my eye right on that street car, and when I stepped off the curb I walked right straight, as straight as I could walk, and I didn't figure I saw any cars passing. I went straight ahead and I looked both ways and I saw nothing but that car. After I started, I looked again to see where it was. It was coming, but I figured I could make it. I must have been pretty close to the track the last time I looked. I was past the center of the west half of the street, about half-way between the track and curb. I can't figure out how far the street car was from me the last time I saw it. I continued to look at the approaching car until I got within a few feet of the track. During all that time the street car was moving closer to me. I can't remember how long a time it was from the time I last saw the street car until I was struck. I don't know what part of the street car struck me. I have lived out there a long time and I know that there are interurban cars passing at certain intervals and that the street cars pass over those tracks at frequent intervals. Every time I came down town I would have to cross Westlake avenue at either Roy or Mercer street. There is a safety stop on the north side of Roy street. South bound cars stop when they get to the north side of Roy street. The street cars do not make a safety stop at Mercer. I didn't think it was going to stop at Mercer street. I can't say how far I was away from the track the last time I saw the interurban. I was very close to the track and I guess I was hit almost instantly after that. After I got off the curb there were no automobiles that came towards me or past me.

There were a couple went by before, but there was none after I looked and saw the interurban.  The last time I remember I was about four feet from the track and I don't remember any more.  As far as I know, I didn't step over the first rail of the track.''

A great deal more than this was said by appellant in her testimony, but it was only more in quantity, not in substance.  To quote more of her testimony would be but to repeat, in somewhat varying language, her version of the facts as evidenced by these quotations from her testimony, in so far as it touches occurrences at the time of, and immediately preceding, the accident.

[1]  The claim of error is that the court erroneously took the case from the jury.  It seems to us that appellant's own testimony conclusively shows that she was attempting to walk across the tracks in front of the oncoming interurban car of respondent while fully conscious of, and for the most part actually continually seeing, the approach of the car, during the entire time of its approach over a distance of at least 250 feet.  Her view, manifestly, was unobstructed.  Her approach from the curb to the track was not in the slightest degree interfered with by any passing vehicles or other traffic of any kind.  Conceding, for present purposes, that respondent's motorman was negligent in the operation of the car, in so far as its speed is concerned, though we regard that as very doubtful, we are nevertheless of the opinion that her own testimony conclusively shows that she was herself negligent in such degree that her negligence became the predominating proximate cause of her being injured.  She was a pedestrian there, not the driver of a vehicle, and hence, at least in some considerable measure, had larger opportunity for protecting herself than the driver of a vehicle would have, in that she would have more thorough control over her own movements.  The

following of our decisions touching the question of contributory negligence of pedestrians in somewhat similar situations, we think, strongly support our conclusions here reached: *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51; *Stueding v. Seattle Elec. Co.*, 71 Wash. 476, 128 Pac. 1058; *Beeman v. Puget Sound Traction, L. & P. Co.*, 79 Wash. 137, 139 Pac. 1087; *Knight v. Seattle*, 128 Wash. 246, 222 Pac. 471.

[2] Some contention is made in behalf of appellant, rested upon the fact, which the evidence calls for us to assume, that no warning bell or whistle was sounded from the car upon its approach to Mercer street. This fact might have some possible bearing upon the question of appellant's contributory negligence, as well as upon the question of respondent's negligence, were it not for the outstanding undisputed fact, here shown by appellant's own evidence, that she saw and was continually fully conscious at all times of the approach of the car during the period it traveled two hundred fifty feet or more just before she was struck. She, manifestly, would not have been rendered more thoroughly conscious of the approach of the car by the sounding of a warning therefrom, as it approached her; and hence whatever failure of duty there may have been in that regard would be of no consequence in this case. *Van Dyke v. Johnson*, 82 Wash. 377, 144 Pac. 540; *Camozzi v. Puget Sound Tr., L. & P. Co.*, 94 Wash. 545, 162 Pac. 987; *Blanchard v. Puget Sound T., L. & P. Co.*, 105 Wash. 226, 177 Pac. 822.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.