[No. 21788. Department One. September 27, 1929.]

EDNA SIMMONS, *by her Guardian ad litem Edward Simmons, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

*Guie & Guie,* for appellant.

*Thomas J. L. Kennedy, A. C. Van Soelen,* and *Thos. N. Swale,* for respondent.

FULLERTON, J.—The appellant, through her guardian *at litem,* sued the city of Seattle to recover for personal injuries. At the trial of the action, the jury returned a verdict in her favor, which the court set aside on a motion for judgment notwithstanding the verdict, thereafter entering a judgment of dismissal.

The city of Seattle owns and operates a municipal street railway system. A part of the system extends northerly and southerly along the east part of a street known as Westlake avenue. The railway tracks are doubled at this place, the east track being used for north-bound cars and the west for cars south-bound. The west part of the avenue is paved for vehicular

[1]Reported in 280 Pac. 931.

traffic. The paving lies entirely west of the railway tracks. The part of the street occupied by the tracks is not open for vehicular traffic; the rails and ties of the tracks being open and uncovered, as on the ordinary railroad.

A street known as Crockett street intersects the avenue on its west side. The street ends in the avenue, or at least is not opened for travel beyond the paving on the avenue. Opposite the intersection of Crockett street with the avenue, the city maintains a landing platform for the use of persons alighting from or entering its street cars. These are some sixty feet in length, the one being on the east side of the easterly track, and the other on the west side of the westerly track. They are connected at their ends by a planked passage way extending over both tracks. The home of the appellant is on Crockett street. On the evening of February 20, 1928, the appellant, who had ridden from the business district of the city on a street car, alighted from the car on the east platform mentioned. She awaited on the platform until the car had passed on, when she started across the tracks intending to go to her home. She crossed the first of the tracks and was just starting to cross the second, when she was struck by a south-bound car.

From the platforms to the north, the street car tracks extend in a comparatively straight line for a distance of fifteen hundred feet, and a car approaching from that direction can be seen for that distance from any place on the platform or cross-walks. A departing car could obscure the vision of an approaching car for a short period of time from the easterly platform or from the easterly part of the cross-walks, but not from any point after crossing the easterly track. The tracks were seven feet apart. The appellant, therefore, had an unobstructed view of the car which struck

her the instant she passed over the first of the tracks. While she was a minor, she was not immature, and was then engaged in a gainful occupation.

It seems to us that the trial court correctly held that the appellant was guilty of contributory negligence as a matter of law. True, she testified that she looked for an approaching car and did not see the car that caused her injury, and testified further that she heard no warning signal given of its approach, and that the car was traveling at an excessive rate of speed. But this was not sufficient to excuse her. The situation is not materially different from the situation presented in the case of *McClelland v. Pacific Northwest Traction Co.,* 138 Wash. 527, 244 Pac. 710, where we held that the facts did not justify a recovery on the part of the injured plaintiff. In that case, we said:

"The claim of error is that the court erroneously took the case from the jury. It seems to us that appellant's own testimony conclusively shows that she was attempting to walk across the tracks in front of the oncoming interurban car of respondent while fully conscious of, and for the most part actually continually seeing, the approach of the car, during the entire time of its approach over a distance of at least 250 feet. Her view, manifestly, was unobstructed. Her approach from the curb to the track was not in the slightest degree interfered with by any passing vehicles or other traffic of any kind. Conceding, for present purposes, that respondent's motorman was negligent in the operation of the car, in so far as its speed is concerned, though we regard that as very doubtful, we are nevertheless of the opinion that her own testimony conclusively shows that she was herself negligent in such degree that her negligence became the predominating proximate cause of her being injured. She was a pedestrian there, not the driver of a vehicle, and hence, at least in some considerable measure, had larger opportunity for protecting herself than the driver of a vehicle would have, in that she would have more thorough control over her own movements. The

following of our decisions touching the question of contributory negligence of pedestrians in somewhat similar situations, we think, strongly support our conclusions here reached: *Helliesen v. Seattle Elec. Co.,* 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Elec. Co.,* 65 Wash. 291, 118 Pac. 51; *Stueding v. Seattle Elec. Co.,* 71 Wash. 476, 128 Pac. 1058; *Beeman v. Puget Sound Traction, L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087; *Knight v. Seattle,* 128 Wash. 246, 222 Pac. 471.''

For the reasons stated in the foregoing opinion, we hold that the trial court did not err in its judgment. It will therefore stand affirmed.

PARKER, TOLMAN, HOLCOMB, and BEALS, JJ., concur.