JOHN THOMPSON *vs.* WASHINGTON TERRITORY.

The object of the requirement of Section 7, of the Criminal Practice Act, that the accused "shall be tried at the next term after he was imprisoned" was to secure speedy trials and not to promote delay.

One charged with a crime is entitled to a continuence only in case he make the showing therefor required in other cases.

An application for continuance is a matter addressed to the sound discretion of the court.

The panel of the petit jury having been discharged, the court below was authorized, under Section 8, page 401, laws 1863, to summon a jury to to try this case.

Section 1, page 472, laws 1873, providing that all jury trials in the District court shall be within the first three weeks of the term, was repealed by Section 7, page 37, Acts 1875.

Whether statements claimed to be dying declarations were such, is to be decided by the judge presiding at the trial. The showing upon which the dying declarations were made in this case are not disclosed in the record. The presumption therefore is, that such showing was sufficient.

No error in the refusal of the lower court to strike out evidence.

Statements of a witness, made out of court, cannot be offered in evidence to impeach his testimony, unless his attention be first directed to the time, place and person involved in the supposed contradiction.

This court will not review the action of the trial court in giving or refusing instructions, unless there be a bill of exceptions, showing the evidence to which the instructions pertain.

If the prisoner testifies upon the trial, he subjects himself to the rules controlling the examination of other witnesses.

The provisions of chapter 1, page 20, laws 1875, respecting new trials, are not applicable to criminal cases.

Error to Third Judicial District holding terms at Seattle.

*C. H. Hanford* for plaintiff in error.

*Wm. H. White,* Prosecuting Attorney, for defendant in error.

Opinion by Lewis, Chief Justice.

The plaintiff in error was indicted, tried and convicted at the January term, A. D., 1877, of the District court at Seattle, of the crime of murder in the first degree, and after motion for a new trial was overruled, judgment was entered upon the verdict that he suffer death by hanging. To reverse this judgment he presents this writ of error, assigning ten several errors. The case as made by the record is substantially this: On Tuesday, 13th February, 1877, the same being the fourth and

last week of the January term of said court holding terms at Seattle, the grand and petit juries having before been discharged for the term, W. H. White, district attorney of the Judicial District filed his motion asking that the grand jury be resummoned for the purpose of making inquiry as to the crime of murder alleged to have been committed within the jurisdiction of the court since the discharge of the grand jury, and for the commission of which the plaintiff in error had been held to answer at the term then in session, the said plaintiff in error being then in jail awaiting the action of a grand jury.

The motion of the district attorney was sustained and the proper officer was ordered to resummon the grand jury which had been discharged, the venire returnable on the same day. So many of said jurors as could be found were resummoned, the panel filled and the jury duly sworn and charged by the court.

Upon the same day, the jury presented to the court a true bill of indictment, accusing the plaintiff in error of the crime of murder in the first degree, alleged to have been committed at King county on the 11th day of February, A. D. 1877. The defendant being present in court with his attorney, C. H. Hanford, Esq., was duly arraigned and given until the morning of the 14th to plead, at which time he entered his plea of "not guilty," and thereupon his attorney filed his affidavit and motion for a continuance until the next term of court. This motion was overruled and the cause set down for trial for the 15th of February and the court thereupon, upon its own motion, ordered a venire to issue to the sheriff of King county to summon 18 petit jurors, and a venire to the sheriff of Kitsap county to summon six petit jurors returnable on the 15th, at which time the venires were returned and the jurors all present. The plaintiff in error interposed his challenge to the panel, upon the grounds that said jurors were not selected and summoned in accordance with law; his challenge was overruled, to which ruling the prisoner excepted and the cause proceeded to trial; the jury returned a verdict of "guilty of murder in the first degree."

After motion for new trial denied, judgment was entered upon the verdict.

After the final judgment and after the adjournment of the court for the term, the plaintiff in error presented to the judge of said district at chambers, a petition for a new trial which was by the judge denied. Sundry exceptions were taken during the trial and errors are assigned thereon, which will be considered in their order.

The ruling on motion for a continuance. It is not claimed by counsel for plaintiff in error, that he made a case for continuance within the provisions of Section 207 of the Civil Practice Act, which are by statute made applicable to criminal causes, but it is insisted,

1. That he was entitled to a continuance as a matter of right under the provisions of Section 7 of the Criminal Practice Act.

That time was essential to subdue the fever of popular excitement, for while it lasted no jury could sit, and a dispassionate and just verdict could not be expected.

The object and purpose of Section 7 of the Criminal Practice Act is to secure to persons accused of crime a speedy trial; unreasonable delay is thereby prohibited. The requirement is that the accused shall be tried at the " next term after the *time* he was imprisoned if he require it * or shall be bailed upon his own recognizance * unless it shall appear to the satisfaction of the court that the witnesses on part of the Territory have been enticed or kept away, or are detained and prevented from attending the court by sickness or some inevitable accident." The language is not that he shall, if he require it, be tried at the next term—after the term at which he was held to answer or imprisoned—but at the next term after the time he was imprisoned. That is the term nearest after the time he was imprisoned, which in this case was the January term then in session, and upon the accused requiring a trial at such time, he would have been entitled to it, unless the district attorney made the showing required by the latter clause of the section, and

upon his failure to do so, the accused would have been entitled to bail upon his own recognizance. Manifestly the purpose of the statute is to secure the accused a speedy trial, not to enable him to delay the proceedings; and the proper practice under our statute is to require that the accused shall be ready for trial at the term at which he is indicted, unless he shall make the showing required by the provisions of Section 207 of the Civil Practice Act, and that the District attorney shall then proceed to trial if the accused insist upon a trial or make the showing required by the provisions of Section 7 of the Criminal Practice Act, else the accused may be admitted to bail upon his own recognizance.

" These applications for a continuance are addressed to the sound discretion of the court, and the Supreme court will not interfere with the exercise of this discretionary power, unless it is fully apparent that such power has been abused.

" The District court is in possession of all the facts and circumstances surrounding each case that is before it for adjudication, the facility with which its process can be served and witnesses brought into its court, the ability of the accused to to procure counsel, the necessity of an immediate trial, and many other facts which do not ordinarily appear of record in this court and for these and other causes the law gives to the District court a discretion which should not be interfered with, unless oppressively exercised." *The State vs. Cox*, 10 Iowa, 351.

Touching the second motion, there is nothing of record tending to show that any "fever of popular excitement" existed at the place of trial, or elsewhere, to the prejudice of the plaintiff in error. Counsel for the prisoner are entitled to the legal presumption that they knew their duty and did it, and if there was, in fact, at the time of trial, any prejudice and excitement existing against the prisoner, at the place of trial, which would prevent a fair trial by an impartial jury, it was their duty to have filed their motion, supported by the necessary affidavit, for a change of venue to some place in the district where such excitement and prejudice did not exist. Not having

made any such showing it is presumed that no such excitement existed.

We find nothing in the record tending to show any abuse of discretion in the court below, in the ruling upon the motion for continuance.

2.   The ruling of the court, in denying the challenge to the panel of the petit jury.   The regular panel of petit jurors had been discharged for the term, there were no petit jurors in attendance, a jury was necessary for the trial of the plaintiff in error, and the court, on its own motion, ordered the sheriffs of the two counties within the district, to summon twenty-four persons as jurors.

It is provided by statute, that "when, from any cause, there are not a sufficient number of qualified and competent * * petit jurors in attendance, the court may order a sufficient number of qualified jurors to be summoned from any county or counties in the district."   Statutes of 1863, p. 401, Section 8.

It is apparent from the provisions of the statute that the legislature intended that the District court should, at no time, be without the power to bring in a jury, when one is necessary and there is not a sufficient number in attendance.   Here there were no jurors in attendance and the action of the District court was exactly in accordance with the provisions of law, hence there was no error.

3.   The court had no authority to try the cause after the third week of the term.   This point is based upon the supposition, that Section 1, acts 1873, page 472, is now in force. This act provides that all jury trials in the District courts shall be had within three weeks following the first day of the term, but this section of that act is specially repealed by acts 1875, page 37, Section 7.

There was no error in trying this cause during the fourth week of the term.

4.   It is insisted that the court erred in admitting "illegal and improper testimony."   The specific matter complained of

is the admission of the dying declarations of the party killed, as testified to by Weed and Tibbets.

Whether the declarations are admissible as dying declarations is a question of law, to be determined by the court. The circumstances under which the declarations were made are to be shown to the judge, and he is to determine as to their admissibility. 1 Greenleaf, Section 160.

It is essential to the admissibility of these declarations, and is a preliminary fact, to be proved by the party offering them in evidence, that they were made under a sense of impending death; it is enough if it satisfactorily appears, in any mode, that they were so made, whether it be directly proved by the express language of the declarant, from his evident danger, or the opinion of medical or other attendants stated to him, or from his conduct or other circumstances of the case. 1 Greenleaf Evidence, Section 158.

If it shall be made to appear to the court from the facts and circumstances surrounding the case, that at the time the declarations were made the declarant believed that he was about to die, and the declarations were made while he was fully impressed with such belief, they are in such case admissible. The testimony touching these points is not before this court, and the presumption is that the District court acted in accordance with law.

Conceding that the case as made was such that the declarations were admissible, as dying declarations, the law is :: That they are admissible only as to those facts to which the deceased would have been competent to testify had he been sworn at the trial. 1 Greenleaf Evidence, Section 159; *People vs. Shaw*, 63 N. Y., 37.

The declaration to Weed was, "It is pretty rough, but I only interfered to prevent a fight." If this declaration was made in detailing the circumstances of, or in speaking of the altercation, it was properly admitted.

The facts and circumstances under which the declaration was made are not before us, and in the absence of a showing to

the contrary, it must be here presumed that the ruling of the court was correct.

The declaration of Tibbets was this : " He firmly believed that Thompson struck him wilfully and maliciously." Defendant's attorney moved to strike this evidence. The court struck out so much as stated that Thompson struck deceased " wilfully and maliciously," and permitted the declaration that Thompson "struck him " to go to the jury.

This ruling was quite favorable to the plaintiff in error, and could in no means prejudice him.

5.   The exclusion of proper impeaching testimony.   The defence offered to prove that Bennett, the prosecuting witness, had made declarations out of court material to the issue which were inconsistent with his testimony given at the trial. No foundation was laid on cross-examination of the witness, nor was his attention called as to such statements.

The rule as laid down by Greenleaf is the correct one, to wit: "The credit of a witness may be impeached · by proof that he has made statements out of court contrary to what he has testified at the trial as to matters relevant to the issue, and before this is done it is necessary in case of verbal statements first to ask the witness as to the *time*, place and person involved in the supposed contradiction."   1 Greenleaf Evidence, Section 462.

This rule has been adopted by the Supreme court of the United States and is there declared " to be founded upon common sense and essential to protect the character of a witness" and generally established in this country and England.   *Carson vs. Griffy*, 16 How., 38.

We are fully satisfied that the ruling of the District court in excluding the evidence offered, was correct.

6. 7.   These errors assigned go to the action of the court, in giving and refusing instructions.   On the trial of criminal causes exceptions may be taken by the defendant as in civil cases, on any matter of law by which his substantial rights are prejudiced.   Criminal Practice, Section 271.

No particular form of exception shall be required. The objection must be stated with *so much of the evidence* as is necessary to explain it, but no more. Civil Practice Act 261.

No evidence whatever has been brought here by the bills of exceptions. In order to warrant this court in reviewing the action of the District court, in relation to its instructions to the jury, it is essential, that at least so much of the evidence should be brought here by the party desiring such review, as will explain fully such objection made, by showing the applicability of the facts to the law of the case, as given by the court.

This practice, as provided by our statute, is in accordance with the practice of common law, and founded upon good reason and common sense. It is here presumed that the District court bases its instructions upon the facts and circumstances of each case, as the same are in evidence before the jury. And when a party claims that there is error in the proceedings of the court below, he must affirmatively show that such error exists to his prejudice. This court will neither search for nor presume error, and it is no hardship to here require the parties who insist upon error, to explicitly point out the same.

Touching the instruction asked by defendant "that no inference of guilt shall arise against the defendant if he fail to testify as a witness in his own behalf."

The record shows that the accused did testify in his own behalf, once upon his own motion, as to some of the issues made.

The accused cannot be compelled to offer himself as a witness, but, by the special provisions of the statute, when he does offer himself as a witness "he shall be subject to all the rules relating to the cross-examination of other witnesses," and having testified, the necessity for the instructions required by the last proviso, in Section 229 of the Criminal Practice Act, does not exist, and the court, in such case, is not required to give such instruction.

The refusal of the court to give the instruction asked, was correct.

8. 9.    The errors here assigned go to the action of the court, in overruling the motion for a new trial, and entering judgment upon the verdict.

The legal questions touching these motions have been considered.    Whether the verdict was or was not supported by the evidence, we cannot here consider.    The evidence is not before us, and it is to be here presumed that if there was not sufficient evidence to warrant the jury in finding the verdict, the District court would have set the same aside and ordered a new trial, upon the defendant's motion.

10.    The tenth error assigned is the ruling of the judge upon the petition for a new trial after judgment and after adjournment.    This petition was filed under the provisions of chapter 1, page 20, acts of 1875.    This statute, we are all agreed, is solely applicable to civil actions, and the petition was properly denied.

Let the judgment of the District court be affirmed and the cause remanded with instruction to the District court to appoint a day for the execution, and see that the same is carried out in accordance with law.