[No. 16271.   Department One.   July 8, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN PICO, *Appellant*.[1]

CRIMINAL LAW (191)—TIME OF TRIAL—CONTINUANCE—DISCRETION OF COURT. The refusal of the court to grant a continuance in a criminal case, because of the inability of counsel for accused to attend owing to professional duties in another court, was not an abuse of discretion, where the court gave the defendant reasonable opportunity to select other counsel, and, on his failure so to do, appointed counsel to defend him.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered February 28, 1920, upon a trial and conviction of criminal syndicalism. Affirmed.

*George F. Vanderveer* and *Ralph S. Pierce*, for appellant.

*William B. Ritchie, T. F. Trumbull*, and *Frank L. Plummer*, for respondent.

HOLCOMB, J.—Although sixty-eight errors were claimed, appellant in his brief states that "with the exception of the refusal of the court to grant a continuance as requested by defendant, this appeal presents no distinctive question of either fact or law," not presented in other briefs by the same counsel in other cases before the court, involving convictions under the criminal syndicalism statute.

The questions raised have heretofore been decided in *State v. Hennessy*, 114 Wash. 351, 195 Pac. 211.

As to the continuance, the granting or refusing thereof is ordinarily a matter of discretion to be exercised by the trial court. *Thompson v. Territory*, 1 Wash. Terr. 547; *Blanton v. State*, 1 Wash. 265, 24 Pac. 439;

[1]Reported in 199 Pac. 289.

*State v. Underwood,* 35 Wash. 558, 77 Pac. 863; *State v. Carpenter,* 56 Wash. 670, 106 Pac. 206; 16 C. J. 451.

The demand herein was based upon the inability of Messrs. Vanderveer and Pierce, retained to defend appellant, to conclude their labors in an important trial then in progress at Montesano, Grays Harbor county, and appear in court at Port Angeles, Clallam county, on February 16, 1920, when this case was set for trial.

The termination of the trial at Montesano was for some days uncertain. It might have ended in ample time for counsel to reach Port Angeles and proceed with the trial. The trial court in Clallam county doubtless had sufficient reasons for not disarranging its calendar, unless it became imperatively necessary to secure a fair trial to appellant. Meantime the trial judge gave appellant every reasonable opportunity to select other counsel for himself, without avail, and finally the court appointed counsel to defend appellant and ordered the case to proceed. The accused had the constitutional right to be represented by counsel, but not by any particular counsel when such individual attorneys were so engaged that their services were unavailable.

"A request for continuance on the ground of the absence of a certain counsel is not looked upon by the courts with favor, especially where such counsel is attending to professional duties in another court, or in some other manner would retard the operation of the court by his personal convenience or business." 16 C. J. 455.

See, also, *Territory v. Lobato,* 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A 1226.

We are of the view that the trial court did not manifestly abuse its discretion, in this instance, in denying the continuance.

The judgment of conviction is affirmed.

PARKER, C. J., FULLERTON, and BRIDGES, JJ., concur.