[No. 18741.   Department Two.   March 13, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. I. J. LASSWELL, *Appellant*.[1]

CRIMINAL LAW (192-1)—TRIAL—CONTINUANCE—DILIGENCE. It is not an abuse of discretion to refuse accused a continuance to enable counsel, employed after the case was set for trial, to prepare himself for trial, where the accused had been temporarily represented by other counsel, and was guilty of laches in engaging counsel after he had ample notice that it would be necessary for him to do so (MACKINTOSH, J., dissenting).

JURY (36) — SUMMONING JURORS — SPECIAL VENIRE — POWERS OF COURT—STATUTES. The right to call second and third special venires is not exhausted by the summoning of one or more special venires, under Rem. Comp. Stat., § 99, where it appears that the jurors drawn on the regular panel, or upon subsequent special venires, were insufficient to dispose of pending jury cases.

Appeal from a judgment of the superior court for Stevens county, Carey and Huneke, JJ., entered January 31, 1924, upon a trial and conviction of embezzlement. Affirmed.

[1]Reported in 233 Pac. 928.

*H. G. Kinzel* and *Osee W. Noble,* for appellant.

*Thomas I. Oakshott* and *F. Leo Grinstead,* for respondent.

MITCHELL, J.—I. J. Lasswell was convicted of the crime of misappropriating and converting to his own use $18,373.72, moneys and funds of the city of Colville, Washington, which were entrusted to him as treasurer of that city, and has appealed from a judgment and sentence entered on the verdict. Two assignments of error are presented. The first one is that the court erroneously refused a continuance of the trial. The information was filed and the arraignment had on November 10, 1923. Appellant was represented at the arraignment by counsel. At that time there was no trial jury on hand nor under order to appear in the future. To several parties interested in the prosecution, he had admitted his guilt and expressed the wish for an opportunity to arrange his business affairs as best he could for the sake of his family and creditors, and for that purpose desired that his bail be fixed as low as possible that he might furnish it and be at liberty until the next jury session. Accordingly, at the time of the arraignment, his attorney, a resident of Colville, stated in open court and in the presence of the appellant that, while the defendant was pleading "not guilty" at that time, he would change his plea at the time of the next jury term, which it was then supposed would be the following January, to a plea of "guilty", and that, if he did not do so, he would not act as his counsel at the time of the trial. The plea of "not guilty" was made by the appellant and so entered of record. Bail was fixed in an amount less than it otherwise would have been fixed and it appears to have been promptly furnished and the appellant liberated. Thereupon he and his friends com-

menced and made continuous efforts to bring about a continuance of the trial of his case beyond the January term, for which purpose it appears that the favor of the city authorities and of the prosecuting attorney's office was sought, but, notwithstanding some assertions on behalf of the appellant to the contrary, it is convincingly shown by the record that no assurance of such favor was given. There was no misleading of the appellant in this respect.

On December 8, 1923, the court, finding there was sufficient number of cases to require a jury session, ordered one to commence on January 7, 1924. On December 10, 1923, the clerk of the court gave written notice to the attorney who represented the appellant at that time that the case against Lasswell was set for January 16, 1924, and again on December 31, 1923, he gave a written notice that the date had been changed to January 10, 1924. On January 2, 1924, the prosecuting attorney told the appellant that the date for hearing his case had been changed from the 16th to the 10th of January, to which the appellant replied that he would be ready. On the appointed day, January 10, although the court was behind with jury work and engaged at that time in the trial of another case, the appellant and his counsel appeared in open court and stated that appellant had decided not to withdraw his plea of "not guilty," whereupon his counsel, according to his former notice and expressed understanding asked leave and was permitted to be relieved from any further connection with the case.

Upon this change in affairs and upon an affidavit of the prosecuting attorney, immediate application was made for an increase of the amount of bail. On hearing the application that day, January 10, the appellant was attended by other counsel to resist the application. His then counsel stated that he appeared specially for

the purpose of that matter only "because the defendant has his regular counsel who will be up from Spokane tonight and cannot be here now." Upon the arguments of counsel and consideration of the matter by the court, the record details of which need not be set out, the amount of the bail was increased, and at the close of the hearing the court, upon recalling counsel's statement that he appeared specially for the purpose of that hearing only, asked him "if defendant is going to have counsel, is able to employ counsel?" Counsel answered: "I am advised by the defendant that Mr. Kinzel will represent him." The court: "And that he will be able to employ him?" Counsel: "Defendant has no definite understanding with him but it will be arranged." On the next day, January 11, his present counsel, appearing specially, presented an application for a continuance of the trial over the term, or, in the alternative, until January 21, the latter or alternative date being suggested for the reason stated that the defendant wanted the attorney who had appeared specially for him the day before to assist in trying the case for him, and that that attorney had to be absent from the state and could not take part in the trial until after the 21st day of January.

The motion for a continuance was supported by several affidavits already prepared on behalf of the appellant without the assistance of and prior to the arrival of his present counsel, Mr. Kinzel, and also by the affidavit of Mr. Kinzel. It was opposed by an equal or larger number of affidavits. As to the reason given for the alternative date, it appears that the attorney referred to, who had to be absent from the state, had not been spoken to by the appellant about assisting in the case until January 10, and there is in the record an uncontradicted affidavit that on January 10, immediately after the bail had been ordered increased, that

attorney, upon being asked if he intended to represent the defendant, said: "That he knew the facts in the case and under no consideration would he appear for the defendant in the trial of the cause."

Generally speaking, the showing in support of the motion for a continuance, in addition to the matters already mentioned, was that present counsel, Mr. Kinzel, was until about noon, January 10, wholly unaware of such a case, that he had never met or known the defendant until his present arrival in Colville, knew nothing about the facts of the case and none of the witnesses, and that he could not get ready for the trial within the time limited, which at that time had been fixed for the following week. Upon argument of counsel and consideration by the court, the continuance was denied and appellant and his counsel notified that the case would be tried before a visiting judge that had been called to hear the case the following week, at such time as the case was reached on the assignment calendar. The case was tried, commencing on January 15.

If the disposition of this assignment depended only upon the question of the want of time for appellant's counsel to prepare for trial after he had been called into the case a somewhat different situation would be presented. Counsel, however, was but an agent or representative of the accused, and if there was insufficient time for his preparation it was chargeable to the accused himself. One accused of crime has the constitutional right of representation by counsel, and while it is a rule that a motion for a continuance on the alleged ground of insufficient time for counsel to prepare for trial is addressed to the discretion of the trial court, there is often involved in the due consideration of such a motion, as is the case here, another important rule, viz.: "It is essential that accused show no lack of

diligence in endeavoring to employ counsel.'' 16 C. J.,
Criminal Law, p. 483, § 875. ''It must appear that lack
of preparation did not arise from defendant's own
laches.'' 16 C. J., p. 482, § 874. As stated in the case
of *State v. Rabens,* 79 S. C. 542, 60 S. E. 442, quoting
from syllabus:

''There was no abuse of discretion in refusing a con-
tinuance asked by defendant for further preparation,
where accused had from January 24th until February
5th for preparation, and did not show any reason for
not being ready, other than an unauthorized assump-
tion that the trial would not occur until the next term.''

The appellant was represented at the trial by two
attorneys, and the record shows that, when the court
learned that the appellant would not change his plea
of ''not guilty,'' the appellant was offered counsel by
assignment if necessary. Upon this record it cannot
be said there is any showing of abuse of discretion on
the part of the trial court in denying the motion for
a continuance.

The second assignment is that the court erred in
denying appellant's challenge to all jurors drawn and
selected on the second and third special venires. The
first order, made at the time the jury session was
called to commence January 7, 1924, was for sixty
jurors, twenty from each of the three jury districts.
The sheriff summoned twenty-eight of them altogether,
not being able to find more. On December 24, the court
made an order for eighteen additional jurors for the
term. The sheriff summoned six, being unable to find
more. On January 2, 1924, finding that enough jurors
had not been summoned, an order was made for forty-
five additional jurors, fifteen from each district. On
January 5, 1924, the sheriff made return that he had
summoned six of them, being unable to find the others.
Then on January 11, it appearing to the court that the

present case would have to be tried, an order was entered finding that the jurors in attendance were not sufficient in number to dispose of the business during the term and directed the drawing of seventy-five additional names, twenty-five from each jury district, and in the order provided that of such additional jurors, those living nearest the county seat or most convenient to reach or find "be summoned first by the sheriff and return thereon be made from time to time until otherwise ordered by the court." This form of order is provided for by § 99, Rem. Comp. Stat. [P. C. § 8156]. On January 14, 1924, the sheriff made return that he had summoned ten of those jurors, being unable to find the others. On January 15, the court entered an order that no more jurors be summoned.

No objection is urged to the first or regular venire, nor to the first special venire, but only to the second and third special venires. Attention is called to § 99, Rem. Comp. Stat., which provides that, if for any reason jurors drawn for service on a petit jury for any term shall not be sufficient to dispose of pending jury business, the judge or judges of the superior court may draw from the jury list such additional names as he may consider necessary, and the persons whose names are so drawn shall be summoned to serve as jurors forthwith; and therefrom it is argued by counsel that the power of the court is limited to the use of but one special venire or drawing of additional names. Session Laws of 1901, ch. 97, § 50, p. 209, and Session Laws of 1905, ch. 146, § 5, p. 273, contain similar provisions in this respect to that found in § 99 of Rem. Comp. Stat., and yet in the case of *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, 7 Ann. Cas. 881, which was an appeal from a judgment of the trial court dated July 10, 1905, wherein for the purposes of that trial two special venires were issued, it was said:

"The court is empowered, also, to order drawn and summoned by special venire, returnable at such time as it may direct, any additional number that the judge may think necessary from which to select a jury in any particular case.    Nor does a single exercise of this power exhaust it.    It may be resorted to until enough qualified jurors are so drawn."

Still further in this respect, it appears to be contended "that any special venire, after one has been drawn, is unauthorized unless all previous venires have been exhausted."    The record shows that in each case the sheriff made return giving the names of those he had summoned, while as to those who were not, he set out their names and certified that, after diligent search, he had been unable to find them, and that such return in each case was made prior to the date of the next succeeding venire, other than the last special venire wherein such return was made on January 14, 1924, the day before appellant's trial commenced.

The assignment that there was error in refusing to grant a motion for a new trial concededly rests only on the other two assignments.    It was properly denied.

Affirmed.

HOLCOMB, MAIN, and FULLERTON, JJ., concur.

MACKINTOSH, J. (dissenting)—My view is that a continuance should have been granted.