[No. 19714.  Department Two.  May 24, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. R. W. WILSON, *Appellant*.[1]

[1] CRIMINAL LAW (407)—APPEAL—RECORD—AFFIDAVITS. The denial of a motion for a continuance cannot be reviewed, as an abuse of discretion, where the affidavits used on the hearing are not brought up by a bill of exceptions or statement of facts.

[2] CONTINUANCE—APPEAL (272)—RECORD—NECESSITY AND CONTENTS OF STATEMENT OF FACTS—AFFIDAVITS—DISCRETION OF COURT. It is not an abuse of discretion to deny a continuance in a criminal case asked on the ground that new counsel employed the day before the trial had not sufficient time to prepare the defense, where it does not appear that accused used diligence in employing the attorneys after his other attorney withdrew.

[3] CRIMINAL LAW (191, 192-1)—CONTINUANCE — DISCRETION — DILIGENCE. Error cannot be assigned on denying a new trial upon grounds depending upon questions of fact which are not brought up in the record on appeal.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered March 21, 1925, upon a trial and conviction of bootlegging. Affirmed.

*Del Cary Smith, Jr.,* and *Louis A. Conyard,* for appellant.

*Thomas I. Oakshott* and *F. Leo Grinstead,* for respondent.

PARKER, J.—The defendant, Wilson, was, by information filed in the superior court for Stevens county,

[1]Reported in 246 Pac. 289.

charged with the crime of bootlegging committed in that county, in that he carried about with him intoxicating liquor for the purpose of unlawful sale thereof. He pleaded not guilty. The case proceeded to trial before the court sitting with a jury, resulting in a verdict finding him guilty as charged, upon which final judgment was rendered against him, from which he has appealed to this court.

The principal contention here made in appellant's behalf is that the trial court erred to his prejudice in denying his motion for a continuance, presented to the court upon the case being called for trial. On February 21, 1925, the case was by the court regularly set for trial upon March 4th, appellant and his then counsel being timely advised of such setting of the case for trial. On February 26th, appellant's then counsel withdrew from the case, evidently because of some differences arising between them. Thereafter on March 3d, appellant employed his present counsel who, in his behalf on that day, filed in the case a motion for a continuance. There was attached to and made a part of the motion an affidavit of appellant reading as follows:

"State of Washington ⎱ ss.
County of Stevens ⎰

"R. W. Wilson, being first duly sworn on oath deposes and says: That he is the defendant in the above entitled action; that he cannot safely go to trial before thirty days from the date hereof, on account of and because of the fact that his attorney of record, who has heretofore appeared and acted as attorney for the said defendant in the above entitled cause has by a signed notice of withdrawal of attorney withdrawn as attorney from said case, and from the date of February 26, 1925, will no longer act as or appear for said defendant R. W. Wilson. Said withdrawal of attorney attached to and made a part of this affidavit for continuance.

"That because of this withdrawal said defendant, R. W. Wilson, has this third day of March, 1925, re-

tained as his attorneys to act and appear in his behalf, Messrs. Louis A. Conyard and Del Cary Smith, Jr., that said attorneys thus retained, have not had the time nor the means in which, and with which, to prepare an adequate defense on behalf of said defendant, R. W. Wilson; and the said defendant says that the application for continuance is not made for delay, but that justice may be done in the premises, and affiant believes that if this case be continued for thirty days he will be enabled to prepare and present his defense.

"R. W. Wilson,

"Subscribed and sworn to before me this 3rd day of March, 1925.        E. J. Tremblay,

"County Clerk."

This motion was first presented to the court upon the case being called for trial the following day, March 4th, when it was by the court overruled and the trial proceeded, resulting in appellant's conviction as above noticed.

[1] Our first inquiry is as to what showing is properly in the record before us touching the alleged error of the trial court in overruling the appellant's motion for continuance. The above quoted affidavit of appellant attached to and made a part of his motion for continuance is properly in the record, though not embodied in the statement of facts; this, because it is made a part of the motion, which motion became a part of the record without being embodied in the statement of facts. *State v. Vance,* 29 Wash. 435, 70 Pac. 34; *Richardson v. Richardson,* 43 Wash. 634, 86 Pac. 1069; *Chaney v. Chaney,* 56 Wash. 145, 105 Pac. 229; *Swanson v. Pacific Shipping Co.,* 60 Wash. 87, 110 Pac. 795.

We find in the clerk's transcript other separate affidavits, apparently intended as supporting and resisting appellant's motion for a continuance. None of these, however, is made part of the record by being embodied in the statement of facts. By our repeated

7—139 WASH.

decisions, it is plain that we cannot consider any of
these separate affidavits, they not being brought into
the record by statement of facts or bill of exceptions.
See *Richmond v. Denny*, 104 Wash. 202, 175 Pac. 957,
and our numerous prior decisions therein cited. There-
fore, we do not have here for our consideration any
evidence, supporting appellant's motion for a continu-
ance, other than his above quoted affidavit, nor does
the record before us affirmatively show that no other
evidence was before the court upon the hearing of ap-
pellant's motion for continuance.

The disposition of a motion for a continuance of the
trial of a case is a matter of sound discretion in the
trial judge, whose decision thereon will not be disturbed
by this court, except for a manifest abuse of such dis-
cretion. *State v. Pico*, 116 Wash. 279, 199 Pac. 289;
*State v. Lasswell*, 133 Wash. 428, 233 Pac. 928.

[2] Upon the showing made by appellant's affidavit
attached to his motion for continuance, even if we
should assume that it was not controverted by other
evidence presented to the court by the prosecuting at-
torney, which we cannot assume, we could not say that
its discretion was abused in denying appellant's motion
for continuance. The case was duly set for trial upon
March 4th, eleven days before that date, of which the
defendant as well as his then counsel had due notice.
His then counsel withdrew from the case six days before
the day set for trial, of which appellant had due notice.
It does not appear but that appellant himself was to
blame for his counsel's withdrawal from the case. He
did not employ his present counsel until the day before
the day set for trial. What excuse he had for such de-
lay does not appear in the record, so far as we are here
permitted to view it. The reason put forth as ground
for continuance is, in substance, practically nothing

else than that appellant's new counsel, employed the day before the day set for the trial, did not have time "to prepare an adequate defense." Plainly, we think under these circumstances this court would not be at all warranted in holding that the trial court abused its discretion in overruling appellant's motion for continuance.

[3] Some contention is further made that the trial court erred in denying appellant's motion for a new trial, timely made, following the rendition of the verdict against him. In addition to the alleged error of the trial court in overruling appellant's motion for continuance, the motion for new trial is rested upon some other grounds. These grounds, however, so far as here argued, were all determinable in the trial court upon questions of fact. The statement of facts brought here contains no affidavits or other evidence touching these contentions. We are, therefore, wholly unable to further consider the claim of error that the court erroneously denied appellant a new trial.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and MAIN, JJ., concur.